[No. 8754. Department Two. — June 23, 1885.]

## JAMES DURYEA ET AL., RESPONDENTS, v. W. K. BOUCHER ET AL., APPELLANTS.

MINING CLAIM — NOTICE OF LOCATION — ERRONEOUS DESCRIPTION. — An erroneous statement in a notice of location of a mining claim as to the quarter section in which the claim is situated, will not invalidate the notice, if the remaining portions of the description sufficiently identify the land.

ID. — DESCRIPTION, WHEN SUFFICIENT. — The description in a notice of location of a mining claim is sufficient, if it designate the number of acres claimed, and define its boundaries on three sides.

ID. — ACTION TO DETERMINE RIGHT OF POSSESSION — JUDGMENT — FINDINGS — EVIDENCE. — In an action to determine the right of possession to a mining claim, an erroneous finding as to the location of the premises in controversy will not warrant a reversal, if the judgment be conclusively supported by the evidence and the other findings.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The action was brought under section 2326 of the United States Revised Statutes to determine the right of possession to ten acres of placer mining ground, being the north half of the north half of the southwest quarter of the southeast quarter of section 13, T. 5 N., R. 11 E., Mount Diablo base and meridian. The plaintiffs based their right of possession upon a location made in July, 1876, of a track of thirty acres. Their notice of location described the claim as containing "thirty acres of land in section

·13, T. 5 N., R. 11 E., Mount Diablo base and meridian, being the north half of the south half of the southwest quarter of the southwest quarter of said section, being bounded. on the south by the old Shaw claim, on the east by the Clum ranch, on the north by the Paul claim, and on the west by unoccupied lands." In this notice the statements as to the governmental subdivisions were erroneous; otherwise the notice included the lands in controversy. The defendants claimed under a location made by Gleason and O'Neil in May, 1880. The further facts are stated in the opinion of the court.

*W. E. Turner,* for Appellants.

The notice of location posted by the plaintiffs in 1876 did not embrace the land ·in controversy. The description should have conformed to the rectangular subdivisions as established by the survey. (U. S. Rev. Stats. §§ 2324, 2331; *Golden Fleece Co.* v. *Cable Con. Co.* 12 Nev. 323; *Mallib* v. *Uncle Sam Min. Co.* 1 Nev. 194; *Dutch Flat Water Co.* v. *Mooney,* 12 Cal. 535; *King* v. *Edwards,* 1 Mont. 239.)

*W. T. Lewis,* and *A. C. Adams,* for Respondents.

In considering ambiguous descriptions in the locations of mining claims, the same rule of construction obtains as in the construction of deeds, where like ambiguities exist. So construed the description in the notice of location of the plaintiffs was sufficient. (*Wade* v. *Deray,* 50 Cal. 376; *Colton* v. *Seavey,* 22 Cal. 496; *Franklin* v. *Dorland,* 28 Cal. 175; *Piercy* v. *Crandall,* 34 Cal. 334; *Stanley* v. *Green,* 12 Cal. 148.)

THORNTON, J.— We think that the location of the mining claim by plaintiffs in July, 1876, was made in accordance with law, and included the ten acres in controversy. The notice as recorded and posted was sufficient. It described the land by the adjoining tracts on the north, east, and south, and on the west by unoccupied lands. As the claim was for thirty acres, its boundary on the west could be easily determined. It makes no difference that the wrong legal subdivisions are inserted in the notice. These may be rejected as false where the remaining description sufficiently identifies the land, in accordance with

the maxim *falsa descriptio non nocet cum de corpore constat.*
(Broom's Legal Maxims, 605; 1 Greenleaf Ev. § 301.)   The
rule may be thus stated : As soon as there is an adequate and
sufficient description, with convenient certainty, of what is
intended to pass by the particular instrument, an erroneous
addition will not vitiate it. So much of the description as is
false will be rejected, and the instrument will take effect, if a
sufficient description remain to ascertain its application.   The
court finds that the plaintiffs did work on the land in dispute
and there is evidence to support it.

It is urged that the finding of the court below as to the loca-
tion of the defendants Gleason and O'Neil, of the ten acres in
controversy, is contrary to the evidence, inasmuch as the ten
acres are described in the finding as being in the *southwest*
quarter of section 13, T. 5 N., R. 11 E.; that the evidence shows
beyond dispute that the tract of ten acres is in the southeast
quarter, and therefore the finding is not sustained by the evi-
dence.   But the other findings, which are sustained by the evi-
dence, and the conclusions of law which are properly deduced,
show that the plaintiffs are entitled to a judgment in their favor
if the description of the land in the finding was, as it should be,
the southeast quarter. Under such circumstances the cause
should not be sent back for a new trial.

Judgment and order affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.