[No. 9366.   Department One. — May 20, 1886.]

SARAH R. ESTEP, EXECUTRIX, ETC., OF JOSEPH H. ESTEP, DECEASED, RESPONDENT, v. J. B. ARMSTRONG, APPELLANT.

FRAUDULENT REPRESENTATIONS — ACTION TO RECOVER FOR — PLEADINGS. — The action was brought to have the defendant declared a trustee for the plaintiff of a balance alleged to be due on a certain promissory note. The note was executed by the defendant to the plaintiff, and was surrendered by her upon the payment by the defendant of an amount less than that apparently due thereon.   The complaint alleged that the plain-

tiff was induced to surrender the note by reason of certain fraudulent representations of the defendant as to the amount due, but failed to allege that she was misled thereby.  *Held,* that the complaint was insufficient.

CHANGE OF VENUE — ORDER FOR — PAYMENT OF COSTS ON — SETTING ASIDE ORDER. —The court in which the action was commenced made an order for the transfer of the cause for trial to the county in which the defendant resided, on condition that the defendant pay certain costs. The order did not specify any time within which the costs should be paid. Fourteen days afterwards, the court, on an *ex parte* application, set aside the order of transfer for the reason that the costs had not been paid, although the defendant then and there offered to pay the same.  *Held,* that the order setting aside the order of transfer was properly made.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of the court.

*Woods Crawford,* and *Eugene W. Britt,* for Appellant.

*R. W. Crump,* for Respondent.

MYRICK, J.—Fraud is the subject of the action.  The complaint contains two counts.  As the court found in favor of defendant as to the second count, and rendered judgment accordingly, and the plaintiff has not appealed, it is not necessary to consider that branch of the case.

It appears from the first count of the complaint that the plaintiff held the promissory note of defendant, originally given for $7,629.25, on which payments had been made, which payments reduced the amount to $5,240.25.  The defendant offered to pay (and did pay), and the plaintiff accepted, $4,455.17 for the delivery to him (defendant) of the note, at the same time claiming this sum to be $2,000 more than was justly due.  The fraud complained of by the plaintiff, in consequence of which she asks judgment for the difference between $5,240.25 and $4,455.17, relates to the settlement had between the parties by which she agreed to accept and accepted the less amount.  It is a well-known rule, that

in pleading fraud, the facts must be clearly stated, so that the court may determine therefrom whether the charge of fraud is well founded.

We are of the opinion that the facts stated in the first count do not constitute a cause of action; that the facts as stated do not form a basis for relief on the ground of fraud. It is not apparent therefrom that the plaintiff was misled by any false misrepresentations by defendant.

The demurrer should have been sustained.

No error appears in the order of the court setting aside the order of transfer of the place of trial.

The judgment and order are reversed, and the cause is remanded, with directions that the demurrer to the first count be sustained.

Ross, J., and McKinstry, J., concurred.