[14977. Department One. — July 13, 1893.]

THE PEOPLE, RESPONDENT, v. THE EEL RIVER AND EUREKA RAILROAD COMPANY, APPELLANT.

DEDICATION OF HIGHWAY—CONFLICTING EVIDENCE.—Where the evidence is conflicting, the finding of the trial court that the land in controversy was dedicated as a public highway by the defendant, and that the public accepted such dedication, will not be disturbed upon appeal.

ID.—PLACING OF GATES ACROSS ROAD—INTENTION TO DEDICATE.—Although the placing of a gate across a road which has been used by the public as a highway may be evidence of an intention not to dedicate the road to public use, yet it is not conclusive, and is not inconsistent with an intention so to dedicate it; and the fact that the gate was left open during the day and only closed at night, for the purpose of preventing injury to those who used it, or of preventing the public from driving upon the property of the party who constructed and opened the road, is consistent with a dedication.

ID. — PERMISSIVE USER. — Where it appeared that the road had been used by the public as a highway for several years prior to the placing of the gate across the road, the placing of the gate across the road would not indicate a permissive user.

ID. — DEDICATION BY CORPORATION — TESTIMONY OF DIRECTORS. — Testimony of the directors of a corporation defendant, which had constructed a road upon its land, that it was the intention of the corporation at the time of the construction of the road to make it a public road, and that the land was purchased for that purpose, is admissible in an action to have it declared a public highway, to show that it was the intention of the defendant to dedicate the land as a highway when it constructed the same; and it was not necessary that a formal resolution of the intention of the corporation should have been entered upon its minutes.

ID. — DEDICATION BY RAILROAD CORPORATION NOT ULTRA VIRES. — The act of a railroad corporation in dedicating a portion of its land as a highway for the public is not *ultra vires.*

ID. — UNAUTHORIZED AGREEMENT OF DIRECTORS — RATIFICATION BY CORPORATION. — The fact that the resolution of a corporation authorizing the purchase of property only authorized the directors to purchase the land, does not of itself impair an agreement that the directors made with the grantor that it should be used for a public highway, if the corporation subsequently approved such agreement and ratified their action.

ID. — EVIDENCE OF INTENTION OF CORPORATION. — Evidence upon the part of the parties seeking to have the road declared a public highway, to the effect that when the representatives of the corporation were negotiating with the grantor of the land for the purchase thereof it was agreed between them that it should be used for a public highway, is admissible as tending to show the intention of the corporation to dedicate the road which it should construct upon the land conveyed.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace L. Smith,* for Appellant.

The offer to dedicate made by the officers of the defendant corporation did not bind the corporation, as it could only act through its board of directors. (Civ. Code, secs. 308, 377; *Gashwiler* v. *Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Blood* v. *Marcuse,* 38 Cal. 590; *Yellow Jacket Min. Co.* v. *Stevenson,* 5 Nev. 224; *Alta S. Min. Co.* v. *Mining Co.,* 78 Cal. 629.) As the defendant corporation could only act through its board of directors, duly assembled as a board, the ratification of a contract made by its officers must be by resolution of its directors acting as a board. (*McCracken* v. *San Francisco,* 16 Cal. 502; 76 Am. Dec. 551; *People* v. *Swift,* 31 Cal. 26; *Borel* v. *Rollins,*

30 Cal. 408; *Battelle* v. *N. W. Cement Co.*, 37 Minn. 89; *Dispatch Line of Packets* v. *Bellamy Manuf. Co.*, 12 N. H. 205; Civ. Code, sec. 2310.) The evidence in this case is meager, unsatisfactory, and inconclusive, and falls below the required standard of conclusiveness and conviction which establishes a dedication by the defendant of the road to a public use. (*Quinn* v. *Anderson*, 70 Cal. 454; *Irwin* v. *Dixion*, 9 How. 30, 31; *Brinck* v. *Collier*, 56 Mo. 164; *Landis* v. *Hamilton*, 77 Mo. 554; *Williams* v. *Railroad Co.*, 39 Conn. 509; *White* v. *Bradley*, 66 Me. 254; *Gowen* v. *Philadelphia Ex. Co.*, 5 Watts & S. 141; *Jones* v. *Davis*, 35 Wis. 376; *Morse* v. *Ranno*, 32 Vt. 600.) The declarations of the directors of the corporation, as to the intention of the corporation to dedicate the road to the public, were not competent to prove the dedication. (*Niagara Falls etc. Co.* v. *Bachman*, 66 N. Y. 261; *Allegheny Co. Workhouse* v. *Moore*, 95 Pa. St. 408; *Salado College* v. *Davis*, 47 Tex. 131.) The evidence was also incompetent as it tended to vary and contradict the deed. (Civ. Code, sec. 1625; *West Coast Lumber Co.* v. *Apfield*, 86 Cal. 335; *Schurtz* v. *Romer*, 82 Cal. 478.)

*Attorney-General W. H. H. Hart, J. F. Coonan,* and *D. Sevier,* for Respondent.

It is not *ultra vires* for a railroad corporation to dedicate land. (Angell & Durfee on Highways, sec. 134; Elliott on Roads and Streets, p. 107; *Canal Bridge* v. *Gordon*, 1 Pick. 304; 11 Am. Dec. 170; *Green* v. *Town of Canaan*, 29 Conn. 157; *Hammerslough* v. *Kansas City*, 46 Kan. 37; *Skjeggerud* v. *Minneapolis R'y Co.*, 38 Minn. 56; *Hitchcock* v. *Oberlin*, 46 Kan. 90; *Logan* v. *Rose*, 88 Cal. 267; *Missouri Pacific R'y Co.* v. *Lee*, 70 Tex. 496; *Union Co.* v. *Peckham*, 16 R. I. 64.) Such dedication may be proven by facts and circumstances, and need not be evidenced by an entry upon the minutes of the corporation. (*Proprietors etc.* v. *Gordon*, 1 Pick. 296; *Green* v. *Town of Canaan*, 29 Conn. 157, 166; *Missouri Pacific R'y Co.* v. *Lee*, 70 Tex. 496; *Skjeggerud* v. *Minneapolis etc. R. R. Co.*, 38 Minn. 56; *Hammerslough* v. *Kansas City*, 46 Kan. 90.) The admissions and declarations of the officers of the corporation

were admissible as against the corporation. (*Union Co. v. Peckham,* 16 R. I. 64; *Abbott* v. *Land & Water Co.,* 87 Cal. 328; *Huntington* v. *Attrill,* 118 N. Y. 365.) The plaintiff was not estopped by the deed from showing the actual agreement as to the dedication of the road. (1 Greenleaf on Evidence, sec. 279; *Smith* v. *Moynihan,* 44 Cal. 64; *Hussman* v. *Wilke,* 50 Cal. 250.) The company is responsible for any declaration of Field made at the time. (Code Civ. Proc., sec. 1849; *People* v. *Blake,* 60 Cal. 502.) The corporation having received the benefit of the transaction knowingly, ratified the agreement. (*Pixley* v. *Western P. R. R. Co.,* 33 Cal. 184; 91 Am. Dec. 623; *Bee* v. *S. F. & H. B. R. R. Co.,* 46 Cal. 254; *Ward* v. *Town of Forest Grove,* 20 Or. 355.) The contention that the corporation could only act through its board of directors is without merit, as the rule must be limited to contracts wholly executory. (*Pixley* v. *Western P. R. R. Co.,* 33 Cal. 183; 91 Am. Dec. 623; *Foulke* v. *San Diego etc. R. R. Co.,* 51 Cal. 365; *Main* v. *Casserly,* 67 Cal. 129.)

HARRISON, J.—Plaintiff seeks by this action a judgment that a certain strip of land, sixty feet in width by fifteen hundred feet in length, extending from the defendant's station at Field's Landing, in Humboldt County, to the county road, is a public highway, and to compel the removal of certain obstructions thereon. Judgment was rendered in its favor, and the defendant has appealed.

In November, 1882, the land in question was owned by one Waterman Field, and was by him conveyed to the defendant. Field was also the owner of a tract of land which the defendant purchased from him for its use as a station, and this strip of land, extending from the main tract of land to the county road, was included in the same conveyance. In the early part of 1883, the defendant constructed a road over this strip of land, opening into the county road at one extremity, and connecting at the other extremity with the other tract of land, and this road was thereafter used by the public as a highway without interruption until 1887, when the defendant erected a gate near the western end of the road, to prevent driving onto its wharf in the night. This gate was left open during the daytime, but

was closed at night.  In 1890 the defendant built a warehouse
directly across the road near its station, and placed a permanent
gate at the extremity near the county road, which it kept
securely locked, and thereupon this action was brought.  The
court found that in July, 1883, the defendant dedicated this
strip of land for the use of the public as a public highway,
and that the public accepted such dedication by user, and had
used the same as a highway continuously from that time until
its obstruction by the defendant in 1890.

There is ample evidence in the record in support of these
findings, and although there is also much contrary evidence,
yet as it was the function of the trial court to determine what
consideration it should receive both in weight and character,
we must accept its conclusion as determinative of the issue.
That the road had been used by the public without interruption
from the time of its construction in 1883 until the gate was
erected in 1887 was not seriously controverted by the defendant,
and there was testimony before the court to the effect that this
gate was not placed there to prevent the public from using the
road as a highway, but as a protection against danger in its use.
While the placing of a gate across a road may be evidence of
an intention not to dedicate the road to public use, yet it is
not conclusive, and the act itself is consistent with an intention
to dedicate the road as a public highway.  The fact that the
gate was left open during the day, and only closed at night for
the purpose of preventing injury to those who used it, or of pre-
venting the public from driving upon the defendant's wharf,
is not inconsistent with its dedication to the public.  So, too,
the inference that the placing of the gates across the road evi-
denced a permissive user is impaired by the fact that such
use had been uninterrupted for several years prior thereto.
If the road was dedicated when it was first opened in 1883,
such dedication could not be revoked in 1887 by placing gates
across it.

It was also shown by the testimony of persons who were
the directors of the defendant, and acting in its behalf at the
time the road was constructed, that it was the intention of the
company to make it a public road, and that the land was pur-
chased from Field for that purpose.  This testimony was com-

petent in support of the proposition that it was the intention of the defendant to dedicate the land as a highway when it constructed the same. It was not necessary that a formal resolution of its intention should be entered upon its records. A corporation as well as an individual may dedicate a portion of its land as a highway by its acts, and it is no more necessary that it should have a formal resolution of dedication upon its records than that an individual should execute a written declaration of his purpose to make a dedication. The objection that it is *ultra vires* for a railroad corporation to dedicate a portion of its land as a highway for the public is not tenable. (*Green v. Town of Canaan*, 29 Conn. 166. See *Los Angeles Cemetery Ass'n v. City of Los Angeles*, 95 Cal. 420.)

The defendant objected to the introduction of certain evidence on the part of the plaintiff, to the effect that when its representatives were negotiating with Field for the purchase, it was agreed between them that it should be used for a public highway. The reasons presented in support of this objection are that in the resolution of the defendant authorizing the purchase, no authority was given to make such an agreement; and, also, that all the negotiations respecting the purchase were merged in the instrument of conveyance.

The fact that the resolution under which the defendant's agents acted only authorized them to purchase the land, does not of itself impair any agreement that might have been made with Field, if the defendant subsequently approved such agreement and ratified their action. It was competent for the defendant to ratify the act of any one of its directors without having given him previous authority by a resolution in writing, and it was equally competent for it to ratify any act that the director might have done in excess of the authority conferred by resolution.

The evidence referred to was not offered for the purpose of varying or contradicting the terms of the instrument by which the land was conveyed to the defendant. It was, however, admissible for the purpose of showing the intention of the defendant to dedicate the road which it should construct upon the land conveyed. Upon the issue whether the road that it constructed was intended to be a private or a public road, evi-

dence that at the time it purchased the land declarations were made on its behalf that it intended to construct a public highway would be relevant and pertinent. If such an agreement had been made there would be an inference that its subsequent act in constructing the road was in pursuance thereof, and would corroborate the testimony of those who declared that at the time of its construction it was intended for a public highway.

There are other assignments of error in the admission of certain evidence, but none of them need any special attention.

The judgment and order are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.