[L. A. No. 533.   Department One.—November 6, 1899.]

## SAMUEL SUSSMAN, Appellant, v. COUNTY OF SAN LUIS OBISPO et al., Respondents.

DEDICATION—ESTOPPEL OF CORPORATION.—Dedication of land to a public use is a conclusion of fact to be drawn from the circumstances of each case, and a corporation as well as an individual may be bound by its acts so as to estop it from disputing or denying the fact of dedication. It is not necessary that a formal act of dedication should be passed by the board of directors of the corporation or entered in its minutes.

ID.—ACTS SHOWING DEDICATION—ACCEPTANCE.—Where a land improvement corporation, after laying out and recording a map of a proposed townsite, held out, by itself and· its agents, to the purchasers of lots in the town and to others, that it would construct a bridge and open a public highway across the same, leading to the town, and such bridge was subsequently constructed and the road opened, such acts, in connection with such declarations, sufficiently show an intention to appropriate the land and bridge to public use, and upon acceptance by the public the dedication becomes complete.

ID.—ADVERSE POSSESSION—INCONSISTENT FINDINGS.—In an action against a county to quiet title to a certain road and bridge, findings in favor of the defendant, in conformity with separate defenses set up in the answer, that the road and bridge had been dedicated by the plaintiff and its predecessors to public use, and that the public had acquired a prescriptive right thereto by adverse possession, even if conflicting, are without prejudice· to the plaintiff, as the judgment in favor of the plaintiff would be supported by the finding of dedication.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order refusing a new trial. V. A. Gregg, Judge presiding.

The facts are stated in the opinion of the court.

G. Ward Kemp, and Graves & Graves, for Appellant.

E. Green, and F. A. Dorn, District Attorney, for Respondents.

VAN DYKE, J.—Plaintiff brings this action against the defendants to quiet his title to a certain wagon-road and bridge resting thereon. Defendants, county of San Luis Obispo and board of supervisors of said county, in their answer deny the

material allegations in the complaint, and set up as a defense the dedication by the plaintiff and his predecessors in interest of said road and bridge to the public as a public road, thoroughfare, and highway, and also plead the statute of limitations. The supervisors, as individuals, disclaim any interest in said property. Upon the issues thus raised, the court found in favor of the defendant upon the question of dedication and the plea of the statute of limitations, and ordered judgment accordingly. This appeal is from the judgment and order denying plaintiff's motion for a new trial.

The Eureka Improvement Company, predecessor of plaintiff, then the owner of the Eureka rancho, in December, 1888, had said rancho surveyed and a map thereof made and filed. A portion of said rancho, as surveyed, was laid out into lots and blocks and called the town of Vasa. This map, so filed by said company, is called the original map, and was introduced in evidence by plaintiff. Said map, or the portion thereof showing the town of Vasa, was lithographed on a large scale, with the streets of said town, including the road and bridge in controversy, delineated thereon as an open thoroughfare connecting the Templeton and Vasa road on the easterly side of the Salinas river with the Templeton and Santa Margarita road on the westerly side of said river, and leading to and past the railroad depot.

This map was recorded in the office of the county recorder of San Luis Obispo county at the request of Briggs, Ferguson & Co., the agents of said Eureka Improvement Company, on the fourth day of November, 1889. The Eureka Improvement Company, and Briggs, Ferguson & Co., its agents, in September, 1888, brought a great number of people to the town of Vasa by excursions for the purpose of selling lands and town lots. Lands were then sold to buyers by the Eureka Improvement Company, and representations were made publicly to said buyers and to prospective purchasers that the proposed bridge and road across the Salinas river, connecting the Eureka Improvement Company's lands with the road across the river, would be of a public character and for the benefit of the public. Among the parties that made such representations were several directors and officers of said company, and in November,

1889, another excursion was run by said companies for the purpose of bringing buyers of property to the town of Vasa and the rancho Eureka, at which time an auction sale of lots was had, there being present of the Eureka Company, the president, secretary, and treasurer, and the president of Briggs, Ferguson & Co. At this time representations were made by said officers to the people gathered at said auction that said bridge and road were built for the benefit of the public. It is true that some of the officers of said company on the trial denied that any statements of the kind were made, but, there having been a conflict in the evidence upon this point, it is to be presumed that credit was given to the statements of the witnesses on behalf of defendant by the trial court, and under the well-established rule the findings will not be disturbed. There is further evidence going to show the intention and offer to dedicate on the part of the Eureka Improvement Company, by said company placing signs at each end of the road stating that said road was open to the Eureka ranch and town of Vasa. The testimony quite clearly shows that the bridge and road in question were thrown open to public travel and used as a public highway by the public, with the knowledge and acquiescence of the plaintiff's predecessors in interest, and continued to be so used for more than five years without objection on the part of the owner. In September, 1894, James T. Murphy conveyed by deed to the county of San Luis Obispo a strip of land on the west side of the river for a public highway, said strip leading up to the plaintiff's line at a point in the bridge. The west end of the bridge rests on this land or right of way, so conveyed by Murphy to the defendant county. The plaintiff objected to the admission of this deed in evidence, on the ground, as claimed, that Murphy had agreed to see that the Eureka Improvement Company got a deed for that part of the road, but there is no showing that Murphy ever carried out his agreement with said company, or that he was bound to carry it out, or that there was any legal impediment in the way of his conveying to the county. The court therefore did not err in admitting the deed.

On the petition of parties along the line of road in question the supervisors formally accepted the road as a public highway and thoroughfare in 1895.

The contention on the part of the appellants that the Eureka Improvement Company could only be bound by a formal act of dedication passed by its board of directors and entered on its minutes is untenable. Dedication is a conclusion of fact to be drawn from the circumstances of each case, and a corporation, as well as an individual, may be bound by its acts so as to estop it from disputing or denying the fact of dedication. In *Smith v. San Luis Obispo,* 95 Cal. 470, it is said: "We think the use of the street by the public for a reasonable length of time, where the intention of the owner to dedicate is clearly shown, is sufficient without any specific action of the municipal authorities either by resolution or by repair or improvements. A common-law dedication operates against the dedicator by estoppel, and this estoppel may be invoked by or on behalf of the public at large.

In *People v. Eel River R. R. Co.,* 98 Cal. 670, the court say: "Upon the issue whether the road that it constructed was intended to be a private or public road, evidence that, at the time it purchased the land, declarations were made on its behalf that it intended to construct a public highway, would be relevant and pertinent. If such an agreement had been made, there would be an inference that its subsequent act in constructing the road was in pursuance thereof and would corroborate the testimony of those who declared that at the time of its construction it was intended for a public highway." In this case it was shown that the Eureka Company, by itself and agents, held out to the purchasers of lots in the town of Vasa and others that it would construct a bridge and open a public highway across the same, leading to said town. The bridge was subsequently constructed and the road opened. These facts, in connection with said declarations, would justify the court in finding that the dedication was made. Common-law dedications are, for convenience of description, frequently divided by law writers into two classes—express dedications and implied dedications. The substantial difference between the two consists in the mode of proof. In the former case, the intention to appropriate the land to public use is manifested by some outward act of the owner, while in the latter it is shown by such acts and conduct, not directly manifesting the intention, but from which the

law will imply the intent.   If the donor's acts are such as indicate an intention to appropriate the land to public use, then upon acceptance by the public, the dedication becomes complete. The authorities show that dedications have been established in every conceivable way in which the intention of the parties could have been manifested.   (*People v. County of Marin*, 103 Cal. 223; Elliott on Roads and Streets, 92; *Abbott v. '76 Land etc. Co.*, 87 Cal. 328; *Helm v. McClure*, 107 Cal. 199.)

We think the evidence on the question of dedication is sufficient to justify the finding of the trial court.   The appellant contends, however, that there are inconsistent findings in this, that the court finds dedication, and also finds in favor of the defendant on the plea of the statute of limitations, whereas dedication rests upon intention and consent of the owner, and the answer pleading the statute of limitations alleges that the road has been used and occupied for over five years by the public, adversely to the plaintiff and to all others.

Prescription or adverse possession, however, was based in theory upon an assumed grant beyond legal memory, and which had been lost, and this law of limitation was to furnish the defendant with a defense in lieu of said original grant which it was supposed he could not produce.   However, this finding, if the other be correct, cannot prejudice the plaintiff, and, if rejected as unnecessary or surplusage, still the judgment in favor of the defendant would be supported by the finding of dedication.

We see no errors in the transcript which would justify a reversal.

Judgment and order denying a new trial affirmed.

Harrison, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment.   In my opinion there is no inconsistency between the findings of dedication and of a prescriptive right in the public, and I think the evidence fully sustains the latter finding.

Hearing in Bank denied.