[L. A. No. 3194.    Department One.—December 9, 1913.]

MAXON-NOWLIN COMPANY (a Corporation), Appellant,
v. K. B. NORSWING, Respondent.

FALSE REPRESENTATIONS—MATERIALITY—RELIANCE MUST BE PLACED
ON.—To entitle a person to relief because of a false representation,
it is not enough to show merely that it was material, that it was
known to be false, and that it was made with intent to deceive,
but it must also be shown that it actually did mislead and deceive;
or, in other words, that it was relied upon by the party complain-
ing.

ID.—CONTRACT OF EXCHANGE—MISREPRESENTATION AS TO DIMENSION
OF LOT—FINDINGS.—In this action to recover damages for false
representations regarding the dimensions of land conveyed to the

plaintiff under a contract of exchange, it is held, that the evidence is sufficient to sustain the findings that the plaintiff did not believe the representations, and did not rely upon them in entering into the contract.

Id.—Truth Ascertainable by Inquiry.—The rule that a party who has actually relied upon a misrepresentation and been deceived by it may claim relief, even though, by prosecuting inquiries on his own behalf, he might have learned the truth, does not authorize a recovery by a party who has actually learned the truth, and has not relied upon the misrepresentation.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, for Appellant.

E. B. Drake, for Respondent.

SLOSS J.—This action was brought to recover damages for alleged fraudulent misrepresentations in connection with a transfer of real property.

The complaint alleges that on May 29, 1911, the plaintiff was the owner of a tract of land in Orange County, and the defendant was the owner of a parcel of land, fronting on Main Street and Slauson Avenue in the city of Los Angeles. On said day, it is alleged, and prior thereto, the defendant represented to plaintiff that the said parcel had a frontage on Main Street of 398 feet and a depth on Slauson Avenue of 661 feet. The plaintiff fully believed said representations and acted wholly upon them. Relying on their truth the plaintiff, on the twenty-ninth day of May, 1911, entered into an agreement with the defendant for the exchange of said properties, and such exchange was consummated by the delivery of deeds from and to the parties respectively. The complaint alleges, further, that the said representations were false, in that the frontage of the property conveyed by defendant was only 378 feet on Main Street, and its depth on Slauson Avenue was no more than 591.75 feet. The defendant at all times knew of the falsity of his representations, but plaintiff did not discover the facts in this regard until long

after the deeds had passed between the parties. The area of the parcel conveyed was .904 acres less than that of a parcel having the dimensions represented, and its value was and is $7,468.68 less than the value the parcel would have had if it had been of the size represented. The defendant refusing to convey the deficiency, the plaintiff asks judgment that he be compelled to so convey, or, in default thereof, that plaintiff have judgment for $7,468.68.

The answer denies making the alleged representations, and denies that plaintiff believed them to be true or acted or relied upon them. There are other issues raised, but there will be no occasion to refer to any except those which we have just mentioned.

The court made findings, upon which it entered judgment in favor of the defendant. The plaintiff appeals from the judgment and from an order denying its motion for a new trial.

Among other things, the court found that plaintiff did not believe the alleged representations; that it did not enter into the contract relying upon their truth, and, further, that it is not true that plaintiff did not know, until long after the delivery of the deeds, that the lands conveyed by defendant to plaintiff were of dimensions less than those represented. "On the contrary," it was found "that before any contract was entered into or deeds made, the defendant delivered to plaintiff or its representatives, a map showing the correct measurements of said property."

These findings, if supported by the evidence, are conclusive in favor of the judgment as rendered, regardless of the disposition of other issues in the case. "To entitle a person to relief or redress because of a false representation, it is well settled that it is not enough to show merely that it was material, that it was known to be false, and that it was made with intent to deceive, but it must also be shown that it actually did mislead and deceive; or in other words, it was relied upon by the party complaining." (14 Am. & Eng. Ency. of Law, 2d ed., p. 106; 20 Cyc. 39; *Estep* v. *Armstrong*, 69 Cal. 536, [11 Pac. 132]; *Nounnan* v. *Sutter Co. L. Co.*, 81 Cal. 1, [6 L. R. A. 219, 22 Pac. 515]; *Colton* v. *Stanford*, 82 Cal. 351, 383, [16 Am. St. Rep. 137, 23 Pac. 16].) The evidence in this case is clearly sufficient to sustain the findings that

plaintiff did not believe the representations regarding the dimensions of the land, and that it did not rely upon such representations in entering into the contract. Two witnesses testified that, before any agreement was made, the manager of the plaintiff corporation looked at the property, and that the defendant then handed him a map which showed in plain figures the actual frontages, on Main Street and Slauson Avenue, of the tract subsequently conveyed to plaintiff. This testimony was contradicted, but the trial court was, of course, authorized to resolve the conflict either way. Accepting the statements of defendant's witnesses, it was justified in drawing the inference that plaintiff's agent examined the map which was thus placed in his hands, and that he learned from the map what the frontages in fact were.

The appellant cites a number of cases, of which *Eichelberger* v. *Mills Land etc. Co.,* 9 Cal. App. 628, [100 Pac. 117], is a fair example, to support the contention that the fact that plaintiff had an opportunity to learn the truth regarding the area of the land does not necessarily deprive him of the right to relief. The doctrine thus asserted is well settled. (Pomeroy's Equity Jurisprudence, sec. 895.) But the authorities referred to go no further than to hold that a party who has actually relied upon a misrepresentation and been deceived by it may claim relief, even though, by prosecuting inquiries on his own behalf, he might have learned the truth. They do not authorize a recovery by a party who has actually learned the truth, and has not relied upon the misrepresentation. This is the situation disclosed by the findings here.

The claims are made by appellant that there are conflicting findings on the question whether the representations were made as alleged, and that such findings on this issue as are in favor of the defendant are contrary to the evidence. But, in view of what we have said on the question heretofore discussed, these points become immaterial. If the court had found according to the allegations of the complaint on the issue regarding the making of representations, the further finding that plaintiff did not rely on the representations would still have required the giving of the judgment here made. The errors last mentioned, if errors were committed, were therefore harmless, and furnish no ground for reversal. (*Duryea* v. *Boucher,* 67 Cal. 141, [7 Pac. 421]; *Wheat* v.

*Bank of California,* 119 Cal. 4, [50 Pac. 842, 51 Pac. 47]; *Sussman* v. *County of San Luis Obispo,* 126 Cal. 536, [59 Pac. 24]; *Butler* v. *Delafield,* 1 Cal. App. 367, [82 Pac. 260].)

The appellant makes no points other than those hereinbefore mentioned.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.