[S. F. No. 7253.    Department One.—May 23, 1917.]

JAMES OTIS, Surviving Trustee Under the Trust Created by the Will of A. C. Whitcomb, Deceased, etc., Appellant, v. LOUIS ZEISS, Respondent.

JUDGMENT QUIETING TITLE — McENERNEY ACT—FRAUD — ASSERTION OF TITLE IN FEE BY OWNER OF LEASEHOLD—EVIDENCE.—In this action to set aside a judgment obtained by the defendant in a proceeding under the so-called McEnerney Act, quieting his title to a lot in the city of San Francisco, on the ground that the judgment had been procured by the fraud of the defendant in falsely stating in his affidavit and complaint that he was the owner in fee of the property, whereas he was only the owner of the leasehold interest conveyed to the city by the act of 1851 (Stats. 1851, p. 307), the state title to the reversion being owned by the plaintiff, it is held that the evidence fails to show that the defendant knew that the state title was outstanding, or intentionally concealed the fact in order to mislead the court into making a decree declaring him to be the owner of the land.

ID.—CONSTRUCTIVE NOTICE—KNOWLEDGE OF AGENT DERIVED IN PRIOR TRANSACTION.—Clear and satisfactory proof that knowledge derived by an agent in a former transaction was present in his mind and memory at the time of a second transaction is necessary in order to bind the principal in such second transaction by constructive notice of the prior information of the agent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

Olney, Pringle & Mannon, and J. R. Pringle, for Appellant.

tum Suden & tum Suden, for Respondent.

SLOSS, J.—Plaintiff appeals from a judgment entered against him upon the granting of defendant's motion for a nonsuit.

The action was brought to set aside a judgment obtained by the defendant, Zeiss, quieting title to a parcel of land in the city of San Francisco, described as "City Slip Lot No. 19." The action in which Zeiss had obtained this judgment was one brought under the provisions of the McEnerney Act, so called. (Stats. 1906 (Ex. Sess.), p. 78.) The ground upon which the plaintiff in this action sought to set aside such judgment was that it had been obtained by fraud. City Slip Lot No. 19 is part of a tract of land which, in March, 1851, belonged to the state of California. In that month, the legislature passed an act (Stats. 1851, p. 307) granting said tract to the city of San Francisco for ninety-nine years. The complaint alleges that this leasehold interest, described as the "city title," became vested in the defendant, Zeiss, and that the reversion, described as the "state title," was conveyed, in November, 1855, to one Callaway, and has since, by mesne conveyances, become vested in the plaintiff as trustee. The action brought by Zeiss to quiet his title was commenced by him on August 22, 1906, on which day he filed his complaint, accompanied by the affidavit required by the statute. The fraud charged is that Zeiss falsely stated in said complaint and affidavit that he was the owner in fee of the property in question, and that such statement was at the time known by him to be false and untrue. The affidavit also contained the statement that Zeiss did not know of any person who claimed an interest in the property, and this statement is alleged to have been false, and made with intent to deceive the court and induce it to give him judgment as prayed by him. Judgment in the action brought under the

McEnerney Act was given and entered on the nineteenth day of December, 1906, and plaintiff alleges that he had no knowledge of the pendency of said action or of the judgment therein until April 1, 1908.

The answer denies a number of the allegations of the complaint, and particularly those alleging fraud on the part of the defendant. The motion for nonsuit was based on the ground that the various allegations of fraud had not been proven.

We may assume that the complaint charged the kind of fraud which would afford ground for setting aside a judgment valid on its face. So assuming, we are nevertheless bound to hold that the plaintiff failed to introduce any evidence tending to establish the fraud alleged. It was stipulated, for the purposes of the present appeal, that plaintiff had shown "the outstanding title, viz., the state title, in himself." The essence of the charge against Zeiss is that he knew that the state title was outstanding, and intentionally concealed this fact in order to mislead the court into making a decree declaring him to be the owner of the land. Here the proof fails. The only witnesses called by plaintiff were the defendant himself, and his attorney, Mr. Otto tum Suden. Zeiss testified that he had purchased the lot in 1893 at a referee's sale in a partition suit. At the time of making the purchase he applied for and obtained a loan from the German Savings and Loan Society, and gave a mortgage on the property to secure the same. Zeiss knew nothing of any outstanding claim, and bought the land believing that the title was good. The title was searched by the bank which made the loan. "I supposed all the time," he testified, "I was getting a good title when I bought that property." After purchasing, he improved the property. He never heard of any claim against it until after he obtained his McEnerney decree. He had paid all the taxes since buying the lot.

There is nothing in all this to warrant even a suspicion that Mr. Zeiss himself had any intimation of an outstanding claim against the property. As he testified, he fully believed that he was acquiring a title in fee simple, and his conduct comported with that belief. It is sought, however, to charge him with constructive knowledge of the state of the title, because, as it is claimed, Mr. tum Suden, who acted as his attorney at the time when he made the purchase was, or ought

to have been, aware of the fact that his client was acquiring only the leasehold interest, or "city title." Here again the evidence fails. Zeiss, on his direct examination, testified that he had asked tum Suden to examine the title for him, and supposed he had done so; also that he had bought the property on tum Suden's advice. tum Suden had been one of the attorneys in the partition suit, in the course of which the sale to Zeiss had been ordered. But Zeiss further testified that he did not know whether or not tum Suden had examined the title, or had ever seen the abstract. Zeiss made the arrangement for the loan with the German Bank, and "depended on them to do the rest." tum Suden himself testified that he had never seen the abstract, but that the title had been examined by Mr. Goodfellow on behalf of the German Bank. While he, tum Suden, knew the distinction between a city title and a state title, he supposed that Zeiss was acquiring the state title. It is argued that because Mr. tum Suden was an attorney in the partition suit, he must have known the true state of the title. But there is no evidence to warrant this conclusion. It is not alleged in the complaint, and there is no evidence, that any of the instruments affecting the state title, except the original conveyance to Callaway, were of record. The proceedings in the partition suit are not shown in the transcript. Nor are we advised by the bill of exceptions what were the contents of the abstract which was examined at the time of Zeiss' purchase. We cannot assume, in order to support a charge of fraud, that these undisclosed documents contained evidence of an outstanding title. The appellants argue that the deed to Zeiss, which was approved by tum Suden, shows on its face that only a qualified interest was being conveyed. But they have failed to incorporate this deed into their bill of exceptions, and the statement, therefore, has no support in the record.

The argument of the appellants seeks to impute to Zeiss constructive knowledge of information said to have been obtained by tum Suden, while the latter was acting as attorney for other clients. Zeiss was not a party to the partition suit. While the knowledge of an attorney is the knowledge of his client (6 C. J. 638; *Mabb* v. *Stewart*, 147 Cal. 413, [81 Pac. 1073]), the principal will ordinarily be charged with constructive notice only where the knowledge of the attorney has been gained in the course of the particular trans-

action in which he has been employed by that principal.   (6 C. J. 639.)   This rule is not without exceptions.   (Pomeroy's Equity Jurisprudence, sec. 672.)   But "it seems conceded on all hands that clear and satisfactory proof that the knowledge of the former transaction was present in the mind and memory of the agent at the time of the second transaction is necessary in order to bind the principal in such second transaction by constructive notice of the prior information of the agent."   (*Wittenbrock* v. *Parker*, 102 Cal. 93, 103, [41 Am. St. Rep. 172, 24 L. R. A. 197, 36 Pac. 374].)   There is no such proof here, where the only affirmative evidence is that the agent did not know the alleged fact at all, and it is sought, on vague and incomplete premises, to infer that he might have had notice of the fact.

It is elementary that fraud is not presumed, but must be proven.   The appellant relies upon the rule laid down in *Parsons* v. *Weis*, 144 Cal. 410, [77 Pac. 1007], that where the question at issue is the state of the adverse party's mind, only slight evidence is required in the absence of a full disclosure by such party of the facts peculiarly within his own knowledge.   Here, however, both Zeiss and his attorney did testify fully to all such facts.   A finding of fraud in this case would have no support beyond that of shadowy and unsubstantial inferences which are in conflict with all the direct testimony.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.