[Civ. - No. 443. Fourth Appellate District.—September 16, 1930.]

NOAH P. ROUSE, Appellant, v. ROSCOE E. MORGAN et al., Respondents.

Harrison G. Sloane for Appellant.

F. C. Drumm and Hugh A. Sanders for Respondents.

MARKS, J.—Appellant was the owner of approximately one hundred acres of farming land in San Diego County, California. He lived in Napa, California, and had not seen the land for twenty or more years prior to October, 1926. His son had occupied and farmed the land for a number of years prior to that date. The son had built a small house, barn and granary upon the property, which buildings belonged to him and were not fixtures. They were old, dilapidated and of small value in 1926. In the spring of that year appellant's son moved his family off from the land to another farm so that, as he testified, he would be nearer a market and could make a living. He took the granary with him and used it as living quarters at his new place of abode and leased his father's property to a third party. The son paid the taxes on the property, but did not pay his father any rent. The land had no water supply for irrigation purposes and was suitable for dry farming and grazing purposes only.

Respondent owned several farms in San Diego County, one adjoining the land of appellant. He saw young Rouse moving his family and the granary off his father's land.

The house, barn and fences were not moved, but remained on the property. Under date of July 21, 1926, respondent wrote appellant a letter, the only part of which material to this action is as follows:

"Should you desire to dispose of yours (the farm) you might let me know what you want for it and I might be able to put it in with mine and let them sell it as small acreage. I guess you know that your son moved off the place last year. If you are interested you might let me hear from you, as it is just possible that we might motor up to Grant's Pass, Oregon, soon. We could stop and see you."

Appellant evidently replied to this letter under date of August 6, 1926. This reply is not in the record. On August 23, 1926, respondent again wrote appellant, the material part of which letter is as follows:

"You might let me know what you want for the whole place, and I might try and handle it if the price is right. I suppose you know that your son moved the buildings off."

About October 23, 1926, respondent called upon appellant at his home in Napa and an agreement was reached for the sale of the property. Concerning these negotiations appellant testified as follows:

"About October 23rd, Mr. Morgan came to my house in Napa and we discussed the sale to him, and what the price ought to be, and finally agreed on a total price of $1500. I then executed the deed and signed some escrow instructions, and sent it to Union Title Insurance Company of San Diego, California. Mr. Morgan did not at any time prior to executing the deed tell me that any buildings or fences were then remaining on the property, and I believed that my son Clarence had given up the place and moved everything away from it. If I had not thought my son had moved away and taken the buildings off the place I would not have agreed to sell to Mr. Morgan, nor would I have executed the deed. I depended entirely on what Mr. Morgan wrote me about Clarence and his connection with the property. It was satisfactory to me to let Clarence have it and do what he pleased with it, but if he wasn't interested in it any more I thought I might as well get what I could out of it. Of course I had no intention of selling Clarence's buildings to Mr. Morgan,

but I didn't know there were any buildings left on the property.''

This is all the evidence offered by appellant to support the allegations of misrepresentation and fraud alleged in his complaint and on account of which he seeks to rescind his contract with respondent for the sale of the land.

This case comes before us on a bill of exceptions in which the specifications of error are as follows:

''The court erred in making the following findings of fact, and the same are unsupported by the evidence:

''1. That it is not true that said Morgan represented to the plaintiff that plaintiff's said son had abandoned said land. 2. That it is not true that the defendant Roscoe E. Morgan knew that the said statements so made by him were false. 3. That none of the statements made by defendant Roscoe E. Morgan to plaintiff respecting said house or barn, or the removal thereof, were statements which had any effect in inducing the plaintiff to sell said land.

''The court erred by reason of the foregoing findings of fact in drawing the following conclusions of law:

''1. The defendant Roscoe E. Morgan did not commit any fraud upon the plaintiff in the purchase of plaintiff's said land. 2. That the claim of said Roscoe E. Morgan to possession and title of said real property is a good and legal claim and title. 3. That defendants Roscoe E. Morgan and John Doe Dennis should have and recover judgment against plaintiff.

''Conclusions of the court as to value are not challenged in these specifications of error.''

In connection with appellant's first specification of error the trial court found as follows:

''That it is true that by letter written plaintiff considerably prior to said 23rd day of October, 1926, the defendant Roscoe E. Morgan did say to the plaintiff that plaintiff's son had moved off said land and had removed all the buildings and fences therefrom; but that it is not true that in said letter or otherwise, said Morgan stated or represented to the plaintiff that the plaintiff's said son had 'abandoned' said land involved in this action.''

▆ Appellant complains of the last sentence of this finding, which negatives one of the allegations of the complaint. The balance of this finding certainly finds support

in the evidence we have quoted, except the statement concerning the fences being removed from the land. The letters contain no mention of these fences being removed. This portion of the finding is more favorable to appellant than the evidence warrants. There is nothing in the evidence to warrant a conclusion that appellant's son had "abandoned" the property. In fact, the contrary appears, as he had subleased it. Appellant did not claim in his testimony that respondent told him that the property was "abandoned". The letter contained the statement that the son had "moved off the place". This finding is amply supported by the evidence.

The second and third assignments of error quote sentences from a finding, the material parts of which are as follows:

"It is not true that the defendant Roscoe E. Morgan knew that the said statements so made by him were false; and said statements, as a matter of fact, with a single exception of the said defendant's statement that all the buildings and fences had been moved off, were true and believed by the said defendant to be true, and as to the excepted statement, at the time same was made, the said defendant had been informed by the plaintiff's said son that it was the intention of the said son to move all of said buildings and fences off of plaintiff's land, and that said defendant believed such statements to be true. That none of the statements made by defendant Roscoe E. Morgan to plaintiff respecting said house or barn or the removal thereof were statements which had any effect in inducing the plaintiff to sell said land."

In considering these findings it must be borne in mind that the buildings referred to were not fixtures. They did not belong to appellant to sell and respondent does not claim that he bought them, which fact the trial court expressly found. It is difficult to see how an honest mistake on the part of respondent or a misrepresentation by him concerning their removal from the property could have affected the result reached by the trial court in its decision of this case. Appellant sold just the property he intended to sell and will receive the exact sum he asked for it. Respondent will receive the identical property be bargained for and will pay the price specified in the contract for it.

As the buildings were not the property of appellant, title to them will not pass to respondent by the sale. A misrepresentation must be of a material fact. As said in 12 California Jurisprudence, page 740:

"To constitute fraud in any case the misrepresentation or concealment complained of must be of a material fact, for a representation, even though untrue, does not affect the validity of a transaction unless it is material. To be material, a representation must be of such a character that, if it had not been made, the contract or transaction would not have been entered into."

The following cases support this rule: *Employers' L. A. Corp.* v. *Industrial Acc. Com.,* 177 Cal. 771 [171 Pac. 935]; *Maxon-Nowlin Co.* v. *Norswing,* 166 Cal. 509 [137 Pac. 240]; *Winkler* v. *Jerrue,* 20 Cal. App. 555 [129 Pac. 804]; *Craig* v. *Shea,* 45 Cal. App. 351 [188 Pac. 73]; *Colton* v. *Stanford,* 82 Cal. 351 [16 Am. St. Rep. 137, 23 Pac. 16]; *Oppenheimer* v. *Clunie,* 142 Cal. 313 [75 Pac. 899].

It is true that appellant testified that he would not have sold the property had he not believed that his son had left it and moved the improvements off. To make this material this belief must have found its origin in some misrepresentation made to him by the respondent, which misrepresentation must be either knowingly false or made with no grounds for belief in its truth (12 Cal. Jur. 744; *Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]). ▮ The one seeking rescission on account of fraud must be actually deceived by misrepresentation of a material fact and the other party must have an intent to deceive by a misrepresentation of such material fact, or there must be a complete disregard of convenient sources of knowledge on his part or a suppression of a fact known to him, to constitute fraud. (*Otis* v. *Zeiss,* 175 Cal. 192 [165 Pac. 524].) ▮ Further, the party must rely upon the fraud or deceit to his injury and damage before he can have the contract rescinded. The fraud must result in damage. The rule is well stated in 12 California Jurisprudence, page 765, as follows:

"It is an established principle of law and equity that, in the absence of a statute specifically giving a right of action, fraud which has produced and will produce no injury furnishes no ground of action or defense. However censurable in morals fraudulent conduct may be, it is not,

unless damage had been suffered, regarded by the law of sufficient consequence to put in operation the machinery of courts. Therefore, if one has been induced by fraud to enter into a contract, executory as to both parties, and nothing whatsoever is done under that contract, he cannot complain. Likewise, in the absence of a confidential relationship, where a purchaser of land is not deceived as to the quantity or quality, and the property is worth all that is paid for it, he may not complain that the confidence placed by him in the vendor was abused."

██ Respondent did tell appellant that his son had "moved off the place", which was true. He did tell appellant that his son had "moved the buildings off", which was only partially true. The court found that this statement was an honest mistake on the part of the respondent. There is evidence in the record to support this finding. The evidence shows that the respondent might well have had an honest but mistaken belief that the buildings were all moved off the property at all times during his negotiations with appellant.

The trial court found that the consideration paid for the property was adequate and just and was the market value of the property at the time of the sale. Appellant does not question the correctness of this finding. There is no evidence in the record that appellant was damaged by the alleged misrepresentation, fraud or deceit on the part of respondent. The findings of which appellant complains are supported by the evidence.

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.