## ANDERSON v. PARKER et al.

In an action of ejectment, where the defendants acquired possession from the tenant of plaintiff, with a full knowledge of the tenancy, they are not in a position to deny plaintiff's title.

Hearsay information of the death of the ancestor of plaintiff, derived from the immediate family of the deceased, is sufficient *prima facie* to establish the fact.

The allegation of the death of plaintiff's ancestor, in a verified complaint, is not sufficiently controverted by the averment in the answer, " that defendant has not sufficient knowledge to form a belief, and therefore, neither admits nor denies."

A joint verdict against the defendants answering and a defaulting defendant, is conclusive against all the defendants, when a separate verdict has not been demanded.

Where the counsel of a party, at the conclusion of the trial, handed to the Court fifty-eight written instructions, occupying twenty pages : *Held*, that it was not incumbent upon the Judge to stop the progress of trial for their examination, and that they were properly refused.

A mere clerical error in the judgment, not affecting the appellant, can be corrected, and is not ground for reversal.

APPEAL from the District Court of the Twelfth Judicial District.

Action of ejectment and for damages, etc.

The opinion of the Court contains a statement of nearly all the facts of the case. The evidence of the death of Cameron Anderson, the ancestor of the plaintiff, was hearsay evidence, derived from the family of the deceased, and proof of the fact that they went into mourning for him. His death is averred in the verified complaint, and the answer states that the defendants have not sufficient knowledge of the fact to form a belief, and therefore, that they neither admit nor deny the same. The affidavits for the order of publication of summons on defendant Parker, show that diligent search had been made for him by the sheriff, and that he was concealing himself to avoid service. The order of publication was for one month, for which time publication was accordingly made, and his default duly entered. Of the remaining defendants, four in number, two filed a disclaimer, and the other two filed a joint answer. A verdict was entered in favor of defendants disclaiming, and a verdict generally for the plaintiff against the other defendants, and assessing the value of the premises at $6,000, and the damages at $50 per month for five months. No separate verdict was demanded by the defendants answering.

There are many points raised in the briefs of the counsel, not necessary to be reported under the opinion of the Court.

*J. A. McDougall and J. B. Townsend* for Appellants.

The service of summons on Parker, in this case, was insufficient, for the following reasons, to wit :

1. If the affidavits on which the order of publication was made, tend to establish any fact, it is that defendant, Parker, is " absent from the State," for they do not state that he is in the State, or that his residence is, or ever has been, in it.

2. The order of publication itself, recites as the only *fact*, which " appears to the satisfaction of the Court," that " after due diligence to discover said Parker *within the limits of this State*, he is not to be found."

3. The legal inference, therefore, is that he is either a non-resident or absent from the State, and the necessary legal consequence, that publication must be made for " not less than three months."   See Prac. Act., §§ 30, 31.

4. But again, neither the affidavits nor the order show that the residence of the defendant, Parker, was unknown to the plaintiff; and except where this is the case, the service in case of persons absent from the State, is not complete unless a copy of the summons and complaint is deposited in the post office, directed to the person to be served, at his place of residence."   The record shows no performance of this requirement of the statute.   See Earthman v. Jones, 2 Yerg. R., 492, 493.

5. That jurisdiction of the person of a defendant is never acquired in such cases, except by the most strict compliance with the requirements of the statute, see the following authorities :

1 Whit. Pr., 134, 135, 136; Evertson v. Thomas, 5 How. Pr. R., 45; Zecherid v. Bowers, 3 Smedes and M. R., 645; Gwin v. M. Carroll, 1 ib., 351; Voorhies' Code, (2d ed.,) pp. 127, 128, 129; Planters' Bank v. Johnson; 7 Sme. & Marsh. R., 454; 2 Yerg. R., 492, 493.

6. The affidavits do not show that any summons for said Parker has ever been placed in the hands of the sheriff to be served, or that any efforts to find him have been made, for the purpose of such service. 1 Whit. Pr., 135, 136; 2 ib., 374, 375, 376; 3 How. Pr. R., 416, Rawdon v. Corbin.

The record must show affirmatively that jurisdiction of the person has been acquired.   See Prac. Act, 335, §§ 150, 203; 1 Sme. & Marsh R., 368; 3 ib., 645; 7 ib., 454; 9 ib., 622; 3 J. J. Marsh R., 105; 2 Yerg. Tenn. R., 492, 493.

That a joint verdict against three for the possession of property and for rents and profits, is an *entirety*, and cannot be sustained unless the evidence supports it as against all, is believed to be beyond all dispute. Carpenter v. Sheldon, 5 Sandf. R., 77; Richards & Pinney v. Walton, 12 John. R., 434; Easton v. Calendar, 11 Wend. R., 91; Saunders v. Harris, 5 Humph. R., 345.

And that, in an action of a mixed character, like the one now under consideration, combining the qualities of the action of ejectment with that for mesne profits, where persons holding separate possessions are joined in the same action, the verdict and judgment for possession and for rents and profits, must be separate against each, is believed to be as necessary to justice as it is firmly established by decisions.   See Pierce v. Minturn, 1 Cal. R., 470; Sutton v. Louisville, 5 Dana R., 28; 8 Ala. R., 273.

*S. M. Bowman and Edward Stanly* for Respondents.

This is not such a denial of the death of Cameron Anderson as to put the plaintiff to the proof of that fact. It has been so held by all the Courts in New York, where the mode of pleading is similar to ours.

An answer " that the defendants had no knowledge or belief, other than that derived from the facts stated in plaintiff's bill, and that he therefore neither denies nor admits the same, was held insufficient, for he should either admit or deny, according to his best information, knowledge, or belief. Sloan v. Little, 3d Paige, 103 ; Utica Ins. Co. v. Lynch, ibid, 210 ; see note in N. Y. Code by Voorhies, 2d ed., p. 161, and cases there cited.

In the case of Wood v. Stantials, 3d Code R., p. 152, a note of which will be found at the bottom of p. 161, in Voorhies' Code, it was held " To say he is ignorant of a fact set up, may be true, and yet the party may have all the knowledge and information necessary to establish in his own mind perfect belief of the existence of such fact. The intent of the code was to prevent such a course of pleadings, and to compel parties who might be personally ignorant of facts charged, to answer as to their information and belief."

" If a defendant intends to put the plaintiff to the proof of any fact alleged in the complaint of which the defendant is ignorant, by a qualified denial of such fact, the proper form of denial is, that as to such fact the defendant has not sufficient knowledge or information to form a belief, and therefore he denies the same." And such is the rule laid down in Monell's Practice, 2d ed., 1st vol., p. 569. And such is the obvious good sense of the matter.

But the plaintiff being desirous of avoiding all risk on a point of this kind, chose to make the best proof of the death of Anderson that the nature of the case would allow. And it is respectfully submitted, the proof admitted was admissible and sufficient to entitle him to recover.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

This is an action to recover possession of the half of a one hundred-vara lot in San Francisco, claimed by the plaintiff as the heir of one Cameron Anderson, who it is averred entered into possession of the lot, claiming title by virtue of a grant from T. M. Leavenworth, Alcalde of San Francisco.

From the record, it appears that Cameron Anderson had possession of the premises by his tenant, until his death, and that afterwards, it was held by one Elston, as tenant of plaintiff; that Dallam & Whitcomb, with full knowledge of the tenancy, purchased from Elston, and took a conveyance of his *right, title and interest* in the premises; that Dallam & Whitcomb went into possession under the purchase from Elston, and whilst in possession, sold and conveyed to Stephen Parker, who acted by Barney & Townsend ; that at the time of the sale to Parker, Barney & Townsend, who acted for him, were fully informed of the circumstances under which Dallam & Whitcomb came into the possession of the lot.

On the trial below, the counsel for defendant seemed to have been allowed a very great latitude, in the introduction of evidence, and as a consequence, the record abounds with matter wholly foreign to the issue, and the arguments of the counsel upon appeal are addressed to many points which have no relevancy to the case, and are not necessary to its decision.

In our opinion, it does not matter, so far as the parties to this controversy are concerned, whether the land lies within the limits of the pueblo of Yerba Buena, or whether Leavenworth had power to convey any lands of said pueblo. The plaintiff bases his right to recover, not on the validity of his title, but upon the fact of possession and occupation under color of title. The defendants having acquired possession from the tenant of plaintiff, (through Dallam & Whitcomb,) with a full knowledge of the tenancy, are not in a position to deny his title. Winans *v.* Christy, 4 Cal.

This view of the case renders it unnecessary to pass upon the various questions, as to the boundaries of Yerba Buena, the authority of Leavenworth, or the title of Jose Y. Limantour—who is alleged in the answer to be the owner of the premises, unless they belong to Stephen Parker, or the United States.

It is contended that the Court erred in admitting hearsay evidence of the death of Cameron Anderson. We are of opinion that hearsay information of the death, derived from the immediate family of the deceased, is sufficient *prima facie* to establish the fact, and was properly admitted; besides, under the issues, it was not necessary to offer any proof upon that point; the complaint which was verified, contained an averment of the fact, which was not sufficiently controverted by the answer. The forty-sixth section of the Practice Act provides, that when the complaint is verified, the answer shall contain a specific denial of each allegation controverted by defendant, or a denial thereof according to his information and belief. The sixty-fifth section provides, that every material allegation which is not so denied, shall for the purposes of the action be taken as true.

It is contended that the Court erred in refusing to set aside the verdict as against law, because it was a joint verdict against defendants McCord and Etique, and Stephen Parker, who had not been served with a process, and who had not appeared in the action; and because there was no evidence that Stephen Parker was in possession at the time of the institution of the suit.

At a former term, the judgment in this cause was reversed on this ground, the records as filed containing no evidence of service on Parker, upon a representation that the record in the Court below contained evidence of such service, which was omitted in the transcript filed, and that the omission was not discovered by the respondent until after the submission of the case, by reason of the great length of the transcript, which contains near two hundred and fifty pages of manuscript. A re-hearing was granted, and leave given to respondents to supply the omission by filing a supplemental transcript, from which it appears, that

Anderson *v.* Parker.

on affidavit of Edward Stanly, attorney for plaintiff, showing that Parker concealed himself to avoid service of process, an order was obtained for the service on said Parker by publication.

The appellant now contends that the affidavit was not sufficient to authorize the order, and therefore the Court acquired no jurisdiction of the person of Parker. This point is not well taken; the affidavit was amply sufficient under the thirtieth section of our Practice Act, and the order was properly made.

It is charged by the counsel for the respondents, that the omission in the original transcript was intentional, and designed to mislead the Court as to the fact; and the different positions assumed by the appellant in the original and supplemental briefs, are alluded to in support of the charge.

We are very reluctant to believe that any officer of this Court would designedly endeavor by such means to mislead the Court, and thus procure by fraud a favorable decision. Such a proceeding, if shown to the satisfaction of the Court, would unquestionably result in depriving the offender of an opportunity of again misleading it.

The objection that the verdict was joint, is decided in the case of Winans *v.* Christy, 4 Cal., 70.

The only remaining question arises on the refusal of the Court to give instructions asked by defendant. It appears that on the conclusion of the trial below, which had occupied several days, the defendant's counsel handed to the Court fifty-eight written instructions, covering some twenty pages; upon this, the Judge remarked that he had then no time to examine the instructions, and therefore declined to give any of them, but proceeded to instruct the jury without reference to the instructions asked by either plaintiff or defendant. Some of the instructions asked, are undoubtedly proper, and would have been given, except under the circumstances of the case. We think, if counsel desired that such a number of instructions should be given, it was at least his duty to have presented them to the Court before or during the argument of the cause, in order that the Judge might have arrived at a knowledge of their contents, and be able advisedly to give or refuse them. As this was not done, it was not, we conceive, incumbent on the Judge to stop the progress of the cause, and keep the jury in their box until he should be able to investigate the various legal propositions contained in the instructions.

It is objected that the judgment is erroneous, because it awards restitution of the whole of the one hundred-vara lot, while the plaintiffs only claimed the south half of it. This, we regard as a mere clerical error, which should be corrected; but which, as it does not affect the defendants, is no ground for reversal.

The judgment of the Court below is affirmed as to the south half of the lot, being the premises described in the complaint.