[No. 13840.   In Bank. — June 12, 1890.]

WILLIAM FALLON, RESPONDENT, v. ISABELLA BRITTAN, APPELLANT.

PARTITION — MISNOMER OF STREET IN RECORD — CLERICAL MISTAKE — AMENDMENT AFTER AFFIRMANCE OF INTERLOCUTORY DECREE. — An error of description in the misnomer of a street in the complaint, findings, and interlocutory decree in an action of partition, which is patent upon the face of the record, and which is evidently a merely clerical mistake, not going to the merits of the cause, the lot affected by the error being amply described otherwise, in diverse ways, to fix its identity, may be amended at any time, even after the interlocutory decree has been affirmed on appeal.

ID. — APPEAL FROM AMENDED DECREE — TIME FOR APPEAL. — Such amendment does not make a new decree from which a distinct appeal may be taken, nor operate to extend the time for taking an appeal from the original decree.

ID. — ORDER APPOINTING NEW REFEREES — REVIEW OF PROCEEDING — RIGHT OF APPEAL. — The superior court may appoint new referees in an action of partition in place of those who have resigned, in order to carry its interlocutory decree into effect, and their action, and the action of the superior court upon their report, may be reviewed upon appeal from the final judgment; but no direct appeal can be taken from the order appointing such referees.

ID. — STAY OF PROCEEDINGS. — No *supersedeas*, or stay of proceedings, will be granted in the supreme court when there appears to be no right of appeal.

MOTION to stay proceedings pending an appeal from a judgment of the Superior Court of the city and county of San Francisco, and from orders amending the record and appointing new referees.

The facts are stated in the opinion of the court.

*James L. Crittenden*, for Appellant.

*Ben. Morgan*, *A. L. Rhodes*, and *Mastick, Belcher & Mastick*, for Respondent.

Fox, J. — Action for the partition of five several parcels of land, held by the parties as tenants in common; two situate in the city and county of San Francisco, two situate in the city of San José, and one situate in the

county of Santa Cruz. Interlocutory decree entered, January 5, 1888, determining the interests of the respective parties, adjudging that as to two of said parcels, one situate in San Francisco and one in San José, partition could not be made without material injury to the interests of the parties, and directing that as to these two lots they be sold for purposes of partition; that as to the remaining lots, they be partitioned in due course; and appointing three referees to make sale of the two lots and the partition of the others.

From this decree appeal was taken January 6, 1888, to this court. On the appeal this decree was affirmed and the appeal dismissed February 6, 1890. Upon the going down of the *remittitur*, the referees originally appointed to make the partition and conduct the sale resigned, and the court by order appointed other referees in their stead. It was also then discovered that in describing one of the lots in the city of San José there was a clerical error in the complaint, which spelled the name of an abutting street on the west as "Terrine," when it should have been spelled "Terraine." The court ordered the complaint amended so as to correct this clerical error, and properly spell the name of the street, "Terraine." It was also discovered that as to the same lot and the same boundary, a clerical error had crept into both the findings and decree, and in each the street abutting on the west was described as "Theresa Street." The court ordered this mistake corrected by amending both the findings and decree by striking out the word "Theresa" wherever it occurred, and inserting in lieu thereof the word "Terraine."

From these orders, and from this decree "as amended," one of the defendants again appealed to this court, May 7, 1890. Subsequently, the appellant, finding that, notwithstanding the perfection of her appeal, the referees had advertised for sale the lots which by the decree were ordered to be sold for purposes of partition (of which,

however, the one affected by these so-called amendments is not one), she applied to this court for a *supersedeas*, or order staying all proceedings in said case pending the hearing of her appeal. An order to show cause was issued May 13, 1890, and meantime proceedings were stayed.

Upon the hearing of such order, the facts as above stated are made to appear by affidavit, and on the facts appellant insists that the amendments made make this a new decree, from which she has a right of appeal, and, pending appeal, to have all proceedings stayed.

These amendments, other than the appointment of new referees in the place of those who had resigned, are the mere correction of clerical errors patent upon the face of the record. The lot affected by them was amply described in divers ways to fix its identity, giving abutting streets on all sides, giving distances on each line, and winding up by declaring that it is the property known as the Fallon homestead. It is also shown upon this hearing that there is no street in San José the name of which is spelled " Terrine," but there is one spelled " Terraine," and that it is situate at the point called for by the other portions of the description given. It is also, in like manner, shown that there is no street in San José named "Theresa Street." There is a street called "Santa Teresa Street," but it is some five hundred feet west of Terraine Street. To extend the lines to that street, Terraine Street must be crossed, and several hundred feet added to the lines given in the description. While it is true that monuments control distances, they must not be fictitious monuments, nor monuments not called for; and a monument which will conform to distances must not be ignored simply because a single letter has been omitted in spelling its name.

The court had the right, at any time, in furtherance of justice, to authorize the correction of this mistake in the complaint,— a mistake which was merely clerical, and

did not go to the merits of the cause. (See Code Civ. Proc., sec. 473, and cases cited in the note to the section in Deering's edition.) And it had the right to correct clerical errors in its judgment, where it could be done from the record. (*Dreyfuss* v. *Tompkins,* 67 Cal. 340; *Swain* v. *Naglee,* 19 Cal. 127; Freeman on Judgments, sec. 71, and cases cited.) And this might be done even after an appeal and affirmance of the judgment. (*Rousset* v. *Boyle,* 45 Cal. 64.) And such correction did not operate to extend the time for taking an appeal from the decree. (*Savings and Loan Society* v. *Horton,* 63 Cal. 310.)

The appointment of new referees in place of those who had resigned was the mere designation of proper and competent persons to carry into effect the decree of the court already entered. Their proceedings would be subject to review by the court upon the coming in of their report, and the action of the court thereon might be reviewed in this court upon an appeal from the final judgment of partition; but we cannot conceive that it is the right of a party, every time the court, by reason of death, resignation, or other disability, finds it necessary to appoint a new referee to carry its interlocutory decree into effect, to stay all proceedings by appeal from such an order. Such a course might lead to interminable litigation, and utterly defeat the execution of the judgment of the court. Even where referees have acted and reported, if the court does not approve their report, it may appoint new referees (Code Civ. Proc., sec. 766), and the order appointing referees does not, of itself, seem to be an order from which appeal may be taken.

The motion for *supersedeas,* or stay of proceedings, is denied, and the order heretofore made staying proceedings is discharged.

Beatty, C. J., Sharpstein, J., McFarland, J., and Paterson, J., concurred.