[S. F. No. 869.    Department Two.—January 23, 1899.]

## CHICAGO CLOCK COMPANY, Respondent, v. E. M. TOBIN et al., Appellants.

CONDITIONAL SALE—ACTION FOR POSSESSION—RECOVERY OF MONEY PAID —PRESUMPTION UPON APPEAL.—In an action to recover the possession of goods conditionally sold, the title having been reserved in the vendor until full payment made therefor, brought for alleged default in payment, where the defendant by cross-complaint sought to recover all the payments made, on the theory that the action proceeded in rescission of the contract of sale, and the court allowed only part thereof, as being the excess in value of the use and depreciation of the property, it must be presumed upon appeal, in the absence of findings and evidence from the record, that the court imposed upon the plaintiff, in favor of the defendants, all of the conditions which the facts before it would justify.

ID.—MISNOMER IN JUDGMENT—CLERICAL MISPRISION—REMEDY BY MOTION. Where the pleadings and the judgment taken together show clearly who was intended to be bound by the judgment, a misnomer of one of the defendants in the body of the judgment, by transposition of the initial letters of his first and middle name, is manifestly a clerical misprision, which may be corrected at any time on motion in the superior court, and it is not ground for reversal of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. H. Bahrs, Judge.

The facts are stated in the opinion.

Frank Shay, for Appellants.

Haven & Haven, for Respondent.

BRITT, C.—The case alleged by the complaint in this action is in substance that plaintiff, a corporation, agreed to sell certain carpets and other furniture to defendants, they promising to pay for the same the sum of seventeen hundred and twenty-seven dollars in specified monthly installments; defendants received possession of the goods, but agreed that plaintiff should remain the owner thereof until full payment of the price, with the right to retake possession upon default of any of the agreed payments; defendants paid installments amounting to five hundred and thirty-five dollars, and afterward refused to pay

anything further and refused to redeliver the goods; the sums paid by defendants on the contract were no more than the reasonable value of the use of the goods by them, and the depreciation thereof from wear exceeded in amount the payments aforesaid. Plaintiff prayed that the contract and the payments made thereon be declared forfeited, and for recovery of possession of the goods. Besides sundry denials the defendants pleaded, both by answer and cross-complaint, that they were ready and willing to surrender the goods, but claimed a recovery of the money they had paid on their contract with plaintiff. The judgment was that plaintiff recover from "M. E. Tobin and John J. Tobin, defendants," possession as prayed, "provided that plaintiff pay to said defendants the sum of two hundred dollars, being the sum paid by defendants to plaintiff in excess of the value of use and depreciation of said property."

Defendants contend that the purpose of the action and the effect of the judgment was to rescind the contract of sale, and that they should have recovered the whole amount—five hundred and thirty-five dollars—which they had paid the plaintiff. Admitting, though without deciding, that the action proceeds for a rescission, still the result contended for does not follow; no findings of fact appear in the record, nor any of the evidence at the trial; we must, therefore, assume in support of the judgment that the court imposed upon plaintiff, in favor of the defendants, all the conditions of recovering the goods which the facts in proof before it would justify. (Civ. Code, sec. 3408.)

It is objected that in the body of the judgment defendants are named, respectively, M. E. Tobin and John J. Tobin, whereas the action is against E. M. Tobin and John J. Tobin, Jr. There is nothing in the objection; the pleadings and judgment taken together show clearly who are designed to be bound by the judgment, and that the error is but a clerical misprision which may be corrected on motion if deemed desirable for any purpose. (*Fallon v. Brittan*, 84 Cal. 511.) The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.