[S. F. No. 2838.   Department Two.—January 12, 1904.]

## SUSAN M. FAY, Respondent, v. H. &. V. STUBEN-RAUCH, JAMES O'REILLY, and MRS. M. QUINN, Defendants; MRS. A. M. QUINN, Appellant.

FORECLOSURE OF MORTGAGE—CLERICAL MISPRISION IN JUDGMENT—MIS-NOMER—POWER OF CORRECTION—APPEAL BY MISNAMED DEFENDANT. —Where a defendant named in the complaint, summons, and default in an action to foreclose a mortgage was by a clerical misprision misnamed in the judgment, by the insertion of an additional initial before the name, the court had the power at any time to correct the clerical misprision appearing upon the face of the record, and its right so to do was not suspended or impeded by an appeal from the judgment taken in the name of the misnamed defendant.

ID.—EFFECT OF CORRECTION PENDING APPEAL—CURE OF ERROR—AFFIRM-ANCE OF JUDGMENT—COSTS OF APPEAL.—The appeal by the mis-named defendant having been taken by a stranger to the record, the effect of the correction of judgment pending the appeal was to relieve the appellant from all liability under the judgment, and to cure the error appealed from. The judgment must therefore be affirmed; but as the error, until corrected, pending the appeal, substantially affected the appellant, the costs of appeal should be allowed.

APPEAL from a judgment of the Superior Court of Napa County.  E. D. Ham, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellant.

Theodore A. Bell, and A. O. Colton, for Respondent.

LORIGAN, J.—This action was brought to foreclose a mortgage executed to plaintiff by defendants, H. & V. Stuben-rauch.  It was alleged in the complaint that the other de-fendants, James O'Reilly and one Mrs. M. Quinn, claimed some interest in the mortgaged premises; that the said Mrs. M. Quinn was in possession thereof, cutting and destroying trees, and threatening to continue to do so, and an injunction was prayed, prohibiting her from the commission of such acts. Summons was issued in said cause, and served on all the de-

fendants, including Mrs. M. Quinn, and the defaults of all the defendants, including said Mrs. M. Quinn, were duly entered. -

Thereafter a decree of foreclosure was entered against the said H. & V. Stubenrauch, James O'Reilly, and one *Mrs. A. M. Quinn,* foreclosing all their interest in said premises, and as to the said *Mrs. A. M. Quinn,* enjoining her from cutting and destroying any trees upon said premises.

This decree was duly entered on April 24, 1901. On May 16, 1901, an appeal was taken by *Mrs. A. M. Quinn* from said decree.

On May 21, 1901, after such appeal was taken, the court, on motion of the attorney for plaintiff, made an order reciting that there had been a clerical misprision in the decree of foreclosure in the insertion of the initial "A" before the initial "M" in the name of *Mrs. M. Quinn,* the defendant in said action, and ordered the decree corrected by striking out such initial "A" wherever it appeared therein. A stipulation in the transcript shows that such correction was made by the clerk as directed by the court. The effect of the order is, that the decree of foreclosure now stands against Mrs. M. Quinn, and the name of *Mrs. A. M. Quinn* nowhere appears therein.

Appellant contends that, notwithstanding such correction, the decree of foreclosure should be reversed; that the order of the lower court was, in effect, an amendment of the decree, and being made after the court had lost jurisdiction of the cause by appeal, was void.

There is no question but that if an appeal had not been taken, the lower court would have had the power to make the correction.

It is quite manifest that the use of the initial "A" in the name of the defendant, so as to make her name read *Mrs. A. M. Quinn,* instead of Mrs. M. Quinn, was merely a clerical error in the decree. *Mrs. A. M. Quinn* was not a party to the suit, but Mrs. M. Quinn was. The latter was named as defendant, had been served with summons and suffered default, and a decree might properly be taken against her. All these matters appear in the record, and conclusively show that the person against whom the decree was intended to be entered

was Mrs. M. Quinn, not *Mrs. A. M. Quinn,* who, as far as the
record is concerned, was an entire stranger to the proceedings.

Whenever it is apparent upon the face of the record, that
the error to be corrected consists of a clerical misprision, the
court has always inherent power to correct it. (*Estate of
Schroeder,* 46 Cal. 316; *Fallon* v. *Brittan,* 84 Cal. 511; *San
Joaquin L. and W. Co.* v. *West,* 99 Cal. 347; *Chicago Clock·
Co.* v. *Tobin,* 123 Cal. 378.)

Nor is the right of the lower court to amend suspended or
impeded by an appeal, where an amendment does not affect
any substantial rights of the appellant, and consists of the
correction of a clerical mistake appearing upon the face of
the record. It is true that the court by the appeal loses juris-
diction of the cause, for the purposes of the appeal, but it
does not lose jurisdiction of its records. These remain within
its physical control and custody, and as to the error sug-
gested the court had a right, as well after the appeal is taken,
as before, to amend it. (Black on Judgments, sec. 162; Free-
man on Judgments, sec. 73; *People* v. *Murback,* 64 Cal. 372.)
Certainly no substantial right of the appellant was affected
by the amendment. In fact, it accomplished all that she
could hope for on this appeal. Her complaint here is, that
the decree against her was void. This.is true, but as the
correction of that decree relieved and freed her from all lia-
bility under it, there is nothing left of which she can com-
plain. The decree now stands against Mrs. M. Quinn, the
party to the action, against whom, as appears from the record,
it should have been originally entered. If this court should
reverse the judgment, as appellant contends it should, such
reversal would confer no benefit upon the appellant; it
would give her nothing she has not already obtained through
the correction of the decree by the lower court, but, on the
contrary, such reversal would operate to the advantage of the
party against whom apparently the decree should have been
originally and it is now entered—the defendant, Mrs. M.
Quinn—who is not now before us asking for any relief. Ap-
pellant cannot be concerned in the matter any further than
to the extent that her own interests are involved.

We are satisfied that the lower court, notwithstanding the
appeal, had a right to correct the apparent clerical error in

the decree; that such correction has relieved appellant entirely from its operation; that the error she complains of here has been effectually cured thereby, and that the judgment, as far as it is attacked by her on this appeal, should be affirmed.

As this error, until it was corrected, substantially affected appellant, and was not corrected until after her appeal was taken, we think that she should, therefore, be allowed her costs on appeal.

The decree appealed from is affirmed, with costs in favor of appellant.

McFarland, J., and Henshaw, J., concurred.