[Civ. No. 1472. First Appellate District.—March 3, 1915.]

## FRANK H. MORTON et al., Respondents, v. W. W. SHANNON, Appellant.

JUDGMENT—DEFAULT—MOTION TO SET ASIDE—DISCRETION OF COURT.— Whether or not a default should be set aside upon motion made under the terms of section 473 of the Code of Civil Procedure is a matter that rests so largely in the discretion of the trial court that its action in such a proceeding will not be disturbed on appeal, unless it shall be made clearly to appear that there was an abuse of discretion, and it is held in this action that under the evidence there was no abuse of discretion in denying the motion.

ACTION FOR GOODS SOLD—PLEADING—HUSBAND AND WIFE—WHEN ALLE-GATION OF MARRIAGE UNNECESSARY.—In an action for goods sold and delivered, in which there are no rights arising by reason of the marriage relation of the plaintiffs, the designation in the caption of the complaint of plaintiffs as husband and wife is purely *descriptio personae;* and where the body of the complaint refers to plaintiffs as the "above named plaintiffs," in the absence of a demurrer this allegation is sufficient to make the caption part of the complaint proper; and the fact that there is no other allegation in the body of the complaint that plaintiffs are husband and wife does not cause the judgment to be unsupported by the judgment-roll.

APPEALS from an order of the Superior Court of the City and County of San Francisco denying defendant's motion to vacate a default judgment in favor of plaintiffs, and from the judgment itself. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, William Hoff Cook, and Charles Stewart, for Appellant.

C. A. Henning, for Respondents.

THE COURT.—This is an appeal from an order denying defendant's motion to vacate and set aside a default judgment entered in favor of the plaintiffs, and also from the judgment itself.

The complaint states a cause of action in the form of a common count for certain goods sold and delivered, alleging a reasonable value of $501.25, and prays for interest and costs of suit.

26 Cal. App.—44

As to whether or not a default should be set aside upon motion made under the terms of section 473 is a matter that rests so largely in the discretion of the trial court that its action in such a proceeding will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of discretion. True it is that the supreme court of this state has said, by way of advice to trial courts, that their discretion is better exercised when it tends to bring about a decision of the cause upon its merits; still the rule itself as just announced has never been relaxed. To repeat, ''Unless the record clearly shows that the trial court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed. (*Ingrim* v. *Epperson*, 137 Cal. 370, [70 Pac. 165] ; *Alferitz* v. *Cohen*, 145 Cal. 397, [78 Pac. 878].) Testing the record on this appeal by the rule announced, we are constrained to hold that the order of the trial court must be affirmed.

According to one of the affidavits filed on behalf of the appellant, he was sick on the third day of October, 1913, the day he was served with a copy of the summons and complaint; and he was delirious and out of his mind from that date until the seventeenth day of the same month, the day on which his default was entered. This affidavit was not corroborated by the affidavit of a physician, or by any one except the defendant's brother, who says that on the sixteenth day of October the defendant appeared to be in a dazed condition of mind. In an affidavit of the process server, a disinterested party, he averred that the defendant was not ill on the day he was served with summons and complaint, and that he appeared to be in a normal condition of mind. The trial court must have accepted this testimony of the process server as true, in which event he must have withheld credence from the affidavit filed on behalf of the defendant just referred to.

This is not a case of ''snap judgment,'' as suggested by appellant, for his default was not taken until four days after the time to plead had elapsed, and it was several days after that, and six days according to his own version of the matter, after he had knowledge of the default, before notice of motion to vacate the same was served and filed, so that his own conduct in the premises seems to lend weight to the averment by the process server that the defendant when served with summons stated that he would do nothing, meaning perhaps,

as plaintiff argues, that defendant intended to suffer a default to be taken against him, for at no time did he dispute receiving the goods, and he now raises a defense which although, in view of the object of the statute under which such defense is made, may be considered meritorious, is still largely technical in character.

As to the appeal from the judgment, the appellant asserts that the judgment is not sustained by the judgment-roll, for the reason that while the caption of the complaint states the plaintiffs as Frank H. Morton and Margaret Morton, husband and wife, there is no allegation in the complaint itself that the plaintiffs are married. A case can easily be imagined where an allegation of marriage would be necessary; but this is not one of that character of cases where any rights arising by reason of the marriage relation are involved. The plaintiffs both sue and are described in the caption as being husband and wife; and in a case of this kind the words are purely *descriptio personae*. (*Wright* v. *Burroughs*, 61 Vt. 390, [18 Atl. 311]; *Chicago Clock Co.* v. *Tobin*, 123 Cal. 377, [55 Pac. 1007]; *Fallon* v. *Brittain*, 84 Cal. 511, [24 Pac. 381]; *Fay* v. *Stubenrauch*, 141 Cal. 573, [75 Pac. 174].) Aside from this, however, the body of the complaint referred to the plaintiffs as "the above named plaintiffs" and in the absence of a demurrer we think this reference was sufficient to make the caption part of the complaint proper.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1915.