[Civ. No. 6698. First Appellate District, Division One.—April 5, 1929.]

BRADBURY ESTATE COMPANY (a Corporation), Respondent, v. JOSEPH H. CARROLL et al., Appellants.

William A. Spill for Appellants.

Gibson, Dunn & Crutcher and H. F. Prince for Respondent.

LANDIS, J., *pro tem.*—In form, this is an action to quiet title.

Plaintiff alleged ownership to two parcels of land, parcel 1 consisting of 93.84 acres and parcel 2 consisting of 69.57 acres, both being portions of the Rancho Azusa de Duarte in Los Angeles County, California, and following the usual allegations that defendants assert an interest adverse to plaintiff and that such claim is without right, plaintiff further alleges that while it was the absolute owner and entitled to possession, defendants Carroll, without right, title or license from plaintiff entered into possession, fenced and wrong-

fully withheld a portion of said land to the damage of plaintiff in the sum of $1,000.

By way of answer defendants Carroll deny plaintiff's ownership and claim an interest in the entire property described in plaintiff's complaint and deny all other material allegations of the complaint.

At the trial it developed, was conceded by the parties and the case was tried upon the theory that the sole question or issue in the case was the determination of the location on the ground of part of the Rancho Azusa de Duarte eastern boundary line in order to determine whether the land occupied by defendants was within or outside of the boundaries of the 69.58-acre parcel of said rancho.

Judgment went for plaintiff.

The court found that plaintiff was the owner and entitled to the possession of the premises described in the complaint and that answering defendants had no estate or interest therein; that plaintiff is entitled to a writ of restitution removing defendants from and restoring to plaintiff the possession thereof and awarding to plaintiff damages in the sum of six cents; and the findings and judgment recited by metes and bounds a description of the parcel entered into possession of and fenced by defendants by referring to the fence inclosing the same sufficient to permit of its being found and located on the ground.

Thereafter, upon motion made by plaintiff, *nunc pro tunc* order was made by the court correcting the description of the land as shown in the findings and judgment, and a motion for a new trial was made and received the effect of a denial by not having been determined by the court within the time allowed by law.

Defendants appeal and in support thereof urge the following three contentions:

1. The trial court was without power to make the order correcting the judgment.

2. The findings of the court were against the weight of the evidence.

3. The court should have granted a new trial because of accident, surprise or newly discovered evidence.

Although denied under their answer, during the trial appellants did not dispute or question respondent's claim of title to the property described in the complaint.

The claim and contention of appellants is that the land possessed, fenced and claimed by appellants is located outside of the boundaries of the land described in the complaint; and it is the contention of both the parties that the determination of the question of whether the land fenced and claimed by defendants is within or without the boundaries of the land described in the complaint necessitates the establishment on the ground of the easterly boundary line of the Rancho Azusa de Duarte. Appellants do not claim under any record title, but seek to prevail under the rule that if plaintiff prevails it must prevail by the strength of its own title.

The parcel of land claimed by appellants consists of 6.01 acres and is described in the corrected findings and judgment as follows:

"Lot designated as 69.57 acres, Section 28, Township 1 North, Range 10 West, S. B. B. & M., of the Rancho Azusa de Duarte, in the County of Los Angeles, State of California, as per map recorded in Book 6, Page 80 et seq., Miscellaneous Records of said County, the westerly line of defendants' fence being approximately 4.46 chains west of the easterly line of said Rancho as shown in said map; said portion consisting of the easterly 6.01 acres of said Lot designated as 69.57 acres, particularly described as follows:

"Beginning at a point in the easterly line of Rancho 0.57 chains South of the northerly line of said lot designated as 69.57 acres, Section 28 and 4.46 East of the westerly line of defendants' fence, thence along fence North 89° 09' West 4.46 chains; thence along fence South 7° 07' West 14.05 chains; thence along fence South 82° 34' East 1.71 chains; thence along fence North 47° 46' East 4.34 chains to a point on easterly line of said Rancho; thence northerly along the easterly line of said Rancho 11.25 chains to the point of beginning, as shown in Plaintiff's Exhibit 4."

Three surveys are referred to in the testimony: The Hancock survey, upon which the United States government patent to Andres de Duarte was based, was made in 1858. In 1875, Norway made a survey of lands lying to the east of the rancho and coming in from the east ran as far as station 7, but did not make any further attempt to survey the Rancho Azusa de Duarte, and in 1872, Lecouvreur, county surveyor of Los Angeles County, retraced the

boundaries of the rancho and subdivided it, establishing what is known as the Lecouvreur lines, his survey being the basis of the county map book 6, miscellaneous records of Los Angeles County, page 82, and the main issue in the case is the location of the easterly boundary of the Rancho Azusa de Duarte either as originally located by Hancock or as subsequently relocated by Lecouvreur.

The two principal witnesses testifying were Mr. L. Friel, a surveyor called by the respondent, and a Mr. J. E. Roberts, called by appellants, both of whom had recently undertaken to relocate the lines and fix and establish on the ground the line in question.

The line adopted by the court as the easterly line of the rancho is designated on a map prepared by Mr. Friel, as line E–F. Mr. Friel testified that this line is a relocation on the ground of the Lecouvreur line, and it was admitted by defendants' witness, Mr. Roberts, that if the Lecouvreur line was a correct relocation of the original boundaries of the rancho the parcel in question, that is, the 6.01 acres claimed by defendants, is within the boundaries of the plaintiff's land.

It was stipulated that the map prepared by Friel (plaintiff's exhibit 7) is a correct retracing of the map shown in book 6 of maps, page 82; and the line adopted by the trial court is shown on the map to be situate between the stations 8 and 9.

Friel testified that in undertaking to retrace the Hancock line he began at station 1 (designated on his map as station A) of the Rancho Azusa de Duarte according to the Hancock field-notes and ran courses and distances according to such field-notes from said station 1 to station 9; station 1 is the common boundary of the Rancho Azusa de Duarte and of the Rancho Santa Anita, and is marked by an old fence; from station 1 he ran courses and distances as called for in the field-notes to station 4; from station 4 he ran the called for courses and distances, south 79 degrees 30 minutes east, 119 chains to the point B, station 5, and found the courses and distances to be south 79 degrees 35 minutes east, 119.76 chains; at point B he found a 4 by 4 post and a 2-inch iron pipe. He did not find anything at stations 2, 3 and 4, which would indicate the original posts set by Hancock. From station 5 he ran the courses

and distances as called for, north 75 degrees east, 11 chains to station 6, indicated on his map as point C; he found nothing at this point in the way of a monument. He then ran the courses and distances called for, north 68 degrees 30 minutes east, 45 chains, arriving at point D, or station 7, finding the correct course and distance, however, to be north 68 degrees 13 minutes east, 45.46 chains; at this point, station 7, he found an old sycamore tree marked with "B. T." as a witness tree (the Hancock field-notes referred to a sycamore tree at this point). From station 7 he ran north 57 degrees 56 minutes east, 46.60 chains, to station 8, where he found a 2-inch iron pipe. Starting again at station 7 he ran to a 4-inch by 4-inch post in a mound of rocks at the southwest corner of lot 1 of section 21, marked 0 on the map and the post being marked S 2 1 L 1 on the north side; S 2 8 L 1 on the south side; and 2 on the west side. He then ran east 35.90 chains and set a point indicated on the map by letter Q; he then ran from point 0 to the southwest corner of Lot 1 indicated on his map by letter P, where he found a 2-inch iron pipe set in concrete; thence westerly on a line with the southerly line of lots 2 and 3 to the west and also along the south line of lot 1, 32.90 chains, arriving at point R; thence north 39 degrees 00 minutes east, 1.52 chains, to point indicated F and thence from F to E, through Q. Friel also testified that he found a granite rock 28 by 29 inches, near station 7, marked S 8 and 29 inches out of the ground.

The dimensions given by Friel in connection with running his lines correspond with the official map dimensions. Hancock's notes call for a blaze on a sycamore tree and Friel testified that he found a sycamore stump and that its relation to the granite rock agrees with the call in the patent for course and distance.

Respondent contends that the stone found near point 7 was erroneously marked 8 instead of 7 and that appears to be a consistent contention.

Accepting the testimony of Friel as true and considering it in connection with the maps, plats and field-notes offered by respondent and properly admitted in evidence, clearly the showing made by respondent supports the findings of the court and we adopt the conclusion stated to the trial court by counsel for appellants upon submitting

a formal motion for nonsuit, to wit: "I think the plaintiff has certainly made out a *prima facie* case; no doubt about that."

With respect to the showing made by appellants, it will serve no useful purpose to here recite in full the testimony of Roberts, the surveyor called by appellants and who testified that he surveyed the property in question, for the reason that the conclusion most favorable to appellants that can be reached from a consideration of his testimony and in fact from the entire showing made by appellants, is that it substantially conflicts with the showing made by respondent and brings the case squarely within the rule that findings made upon conflicting evidence are conclusive here, and that an appellate court must view all inferences which the trial court might reasonably have drawn as evidence tending to support a finding assailed (*Ryder* v. *Bamberger,* 172 Cal. 791 [158 Pac. 753]; *Hallidie* v. *First Federal Trust Co.,* 177 Cal. 600–602 [171 Pac. 431]; *Fred W. Hauger Motors Co.* v. *Reidy,* 87 Cal. App. 471 [262 Pac. 46]; *Southern California etc. Co.* v. *Amalgamated etc. Workers,* 186 Cal. 604 [200 Pac. 1]). The determination of the evidence by the trial court is conclusive on appeal unless it shall appear, as matter of law, that it is insufficient to support the findings (*In re Herman,* 183 Cal. 153, 162 [191 Pac. 934]).

Appellants do not contend that as a matter of law we must from the record before us find that the findings are not supported by the evidence. Their contention is, using their own words "that the findings are against the weight of the evidence," in effect urging the contention that the trial court should have accepted their version and evidence rather than that of respondent. The appellate court will not attempt to weigh the evidence with a view either to justifying or discrediting the findings of the trial court (*Greer* v. *Los Angeles Athletic Club,* 84 Cal. App. 272 [258 Pac. 155]). The evidence, although conflicting, supports the findings of the court and cannot therefore be disturbed, and a review of the rulings of the court on objections by defendants discloses no prejudicial error.

With respect to appellants' contention concerning the trial court's power to make the order correcting the judgment, it appears that the effect of the order was a

substitution in the specific description of the property occupied by defendants, of the words "Lot designated as 69.57 acres" for and instead of the words "Lot one." The law appears to be well settled that the trial court has inherent power to correct a clerical error in the findings or judgment entered by it in a case, not only within the six months' period mentioned in section 473 of the Code of Civil Procedure, but also thereafter. The theory upon which such rule has been established is that the court has power to make the findings and judgment entered by it conform to the true judgment rendered in the case. In other words, the court may correct a clerical error in order to make the record speak the truth and show what was in fact determined by the court (*Anderson* v. *Parker,* 6 Cal. 197, 202; *Bemmerly* v. *Woodward,* 124 Cal. 568 [57 Pac. 561]; *Chicago Clock Co.* v. *Tobin,* 123 Cal. 377 [55 Pac. 1007]; *Fay* v. *Stubenrauch,* 141 Cal. 573 [75 Pac. 174]; *Erickson* v. *Stockton etc. R. R. Co.,* 148 Cal. 206 [82 Pac. 961]; *City and County of San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281]).

In the present case the complaint correctly described the property; in the findings of fact and conclusions of law the court finds that plaintiff is the owner of the property referred to in the complaint and in paragraph three finds that defendants have entered into possession of and fenced . . . property therein described, which clearly was intended to refer to a portion of the property mentioned in the complaint and in the earlier paragraph of the findings. The error is due solely to the insertion of the words "Lot one" before the section 28. In the portion of the property described by metes and bounds reference is made to the easterly line of the Rancho Azusa de Duarte, and to the fenced in portion of the property occupied by defendants.

In the judgment it appears that the portion of the property sought to be described as occupied by defendants (in which the erroneous reference to "Lot one" appears) was a portion of the property described in earlier portions of the judgment. After correctly reciting in the judgment that plaintiff is the owner of the property described in the complaint, it specifically provided: "That plaintiff have possession of all of said land including" the 6.01-acre parcel which is then specifically set out. The language in this

portion of the judgment definitely shows upon its face that the words "Lot one" are an inadvertence, that the property occupied by defendants was a portion of section 28 and is within the property correctly described in the earlier portion of the judgment.

The order correcting the records was made upon motion by respondent supported by affidavit, and upon notice to counsel for appellants. The original judgment was entered September 28, 1926, and the motion was served and filed December 3, 1926. The correction of the error makes the record speak the truth and show what was in fact determined by the court and the order of the court was a proper one.

Appellants also urge and contend that their motion for a new trial should have been granted and rely upon the grounds of

1. Accident or surprise which ordinary prudence could not have guarded against;

2. Newly discovered evidence;

3. Insufficiency of the evidence to justify the decision and the judgment;

4. That the decision or judgment is against law;

5. Errors in law occurring at the trial.

The motion was supported by the record, files, papers, register of actions, reporter's transcript of the trial and upon affidavits.

The point most seriously urged by appellants is that the introduction in evidence of the maps prepared by Mr. Friel and the Lecouvreur map created a situation of accident or surprise such as to warrant the granting of a new trial. The affidavit of Henry F. Prince, counsel for respondent, filed in opposition to the motion, shows that defendants' counsel and surveyor were familiar with the maps and surveys which were introduced in evidence. No effort was made by appellants to secure a continuance and the rule is well established that a motion for a new trial on the ground of accident or surprise is properly denied where a continuance is not asked. (*Denvir* v. *Judson Freight Forwarding Co.*, 86 Cal. App. 369 [260 Pac. 846]; *Snodgrass* v. *Snodgrass*, 81 Cal. App. 360 [253 Pac. 755]; *Doyle* v. *Sturla*, 38 Cal. 456; *Heath* v. *Scott*, 65 Cal. 548 [4 Pac. 557]; *Bailey* v. *Richardson*, 66 Cal. 416 [5 Pac. 910]; *Schellhous* v. *Ball*, 29 Cal. 608; *Turner* v. *Morrison*, 11 Cal. 21; *Delmas*

v. *Martin*, 39 Cal. 555; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416.)

With respect to the claim of newly discovered evidence, the rule is stated in 20 California Jurisprudence, 77, as follows:

"To entitle a party to a new trial on this ground it must appear: (1) That the evidence, and not merely its materiality, is newly discovered; (2) that the evidence is not cumulative merely; (3) that the evidence is such as to render a different result probable on a retrial; (4) that the party seeking relief could not with reasonable diligence have discovered and produced the evidence at the trial; (5) that these facts be shown by the best evidence of which the case admits."

The matters set forth in affidavits filed in support of the motion do not relate to evidence which was merely discovered, except such as is cumulative. The existence of the sycamore tree referred to in the affidavits was not disputed at the trial; the existence of the fence referred to in the affidavit of J. H. Carroll had been known to appellants for several years, as appears from the affidavit itself. There is no showing that appellants could not with reasonable diligence have produced the evidence at the trial and in fact four of the affiants were witnesses and testified at the trial and no continuance was sought for the purpose of obtaining such evidence.

Where a party fails to move for a continuance to enable him to obtain evidence which is not in his possession, the existence or materiality of which he first discovers during the progress of the trial, he is not entitled to a new trial on the ground that the evidence is newly discovered. (*Klockenbaum* v. *Pierson*, 22 Cal. 160.)

Further, a new trial will not be granted where it does not appear from the affidavits that a different result would probably be reached upon a retrial.

Appellants have not suggested how the matters set forth in the affidavits could have produced a different result at the trial and we are not able to say that they would render or produce a different result probable upon a retrial.

It is the established rule in this state that a new trial should be granted on the ground of newly discovered evidence only where the newly discovered evidence is such as

to render a different result probable, and it has been said that the question as to the effect upon the case of newly discovered evidence is from its nature peculiarly one that is addressed to the discretion of the trial court (*People* v. *Oxnam,* 170 Cal. 211, 215 [149 Pac. 165] ; *Fresno Estate Co.* v. *Fiske,* 172 Cal. 583, 601 [157 Pac. 1127] ; *Rauer's Law etc. Co.* v. *Bradbury,* 3 Cal. App. 256, 261 [84 Pac. 1007] ).

Unless the appellate court can plainly see that this discretion has been abused, that the showing made was of such a character as to make it manifest that it would or should result differently on a new trial in view of the newly discovered evidence, the order of the trial court refusing a new trial will not be disturbed. (*People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235].) It is quite obvious that we are not warranted in disturbing the order of the court denying appellant's motion for a new trial.

The appeal is from the judgment, the order denying the motion for a new trial and from the order correcting the judgment.

We find no cause for setting aside or disturbing the decision of the court below.

The judgment and the orders appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.