[Civ. No. 756. Fourth Appellate District.—April 18, 1932.]

C. H. COBB et al., Respondents, v. GEORGE S. LANE et al., Appellants.

Gallagher & Jertberg for Appellants.

G. L. Aynesworth for Respondents.

THOMSON, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiffs in an action to foreclose a mortgage on real property. Defendants set up fraud as a defense and filed a cross-complaint for damages by reason of said fraud.

A short time prior to 1916, plaintiff C. H. Cobb and some other persons organized a corporation named the Peerless Orchards Company, which corporation procured title to a certain tract of land in Fresno County. The corporation was organized for the purpose of selling those lands in small parcels to the public generally. Said C. H. Cobb was president of the corporation and acted as its general agent and manager. Upon the organization of the corporation a prospectus was issued and certain newspaper advertisements were published by the corporation for the purpose of selling such lands, and it is upon the statements contained in this prospectus and other advertising matter that appellants seek to predicate their defense of fraud and their claim for damages set up in their cross-complaint. On February 15, 1916, J. R. Woods purchased from the corporation the fifteen acres of land in controversy. The trial court found that he did not have any knowledge of said pamphlets or advertising material and purchased said premises upon his own judgment and without any reliance upon any statement or representation of any person. The contract of sale provided for the payment of a total purchase price of $6,000, of which $600 was to be paid in cash, and the balance to be paid in installments for forty-eight months and, upon the prompt completion of such installment payments, a deed would be

made to the vendee conveying the premises to him and concurrently therewith the vendee would execute and deliver to the vendor his promissory note for the balance of the purchase price, payable in like manner as the original installments and secured by a first mortgage on said premises. On September 20, 1918, appellant, George S. Lane, purchased the property from Woods, who executed to said appellant an assignment of his contract. This sale from Woods to Lane was negotiated by Guy Stockton, who was the agent of the corporation for the sale of its lands, but who, for the purpose of this transaction, was employed and paid a commission by Woods. Stockton furnished appellants with copies of the advertising matter involved in the case, but the evidence shows that this was done without the knowledge or consent of any officer of said corporation. On February 15, 1921, pursuant to the provisions of the contract with Woods, the respondents, who had acquired the legal title to the premises, conveyed the premises to appellants and appellants executed the mortgage sought to be foreclosed in this action. The lands failed to develop into profitable fig orchards, the proceeds from the crops being generally less than the cost of cultivation of the crops. After a number of extensions of time and changes in the terms and conditions of payments requested by appellants and granted by respondents, appellants being behind in the payment of certain installments of the note, respondents, on February 3, 1928, instituted this action to foreclose the mortgage and appellants answered the complaint setting up fraud as a defense and interposed a cross-complaint alleging fraud perpetrated by the vendor upon appellants as inducements to appellants to purchase the lands.

Numerous findings of the trial court are attacked by appellants, among them being the following finding: ''That plaintiffs did not personally or through their agents neither did the Peerless Orchard Company or its agent seek, cause, procure or induce defendants or either of them to purchase the J. R. Woods contract; that plaintiffs did not supply the defendants with any literature or make any representations to said defendants concerning the Woods contract or lands; that defendants did not read or rely upon any statements or representations written or oral, furnished, made or supplied to them by the plaintiffs or the Peerless Orchard Com-

pany; that said defendants were not deceived or misled by any statements or representations made by or on behalf of plaintiffs or the Peerless Orchard Company." Appellants contend that, by inference fro.a this finding, "the court evidently found that the printed and published matters, caused to be printed and published by the Peerless Orchards Company, were false and fraudulent and intended to deceive persons who became interested in the purchase of the Peerless Orchard lands"; and that the representations by means of the pamphlet and newspaper advertisements were intended as an appeal to the public generally for the purpose of inducing members of the general public to invest in these lands; and that, if appellants obtained such printed material, it matters not that it was furnished by someone other than respondents, or their agents. Appellants cite in support of their contention section 1711 of the Civil Code of California, which reads as follows: "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

We deem it unnecessary to determine this question in this case for the reason that it is a well-established principle of law that, regardless of any finding based upon those considerations, in order to entitle a party to prevail in an action or defense based on fraud or deceit, it must be established that said party actually was misled or deceived by, and relied upon, the representation or representations complained of. In the case at bar appellants are confronted with the following finding made by the trial court: "That said defendants were not deceived or misled by any statements or representations made by or on behalf of plaintiffs or the Peerless Orchard Company". If this finding is supported by the evidence it is sufficient to sustain the judgment, and is conclusive in favor of the judgment as rendered, regardless of the disposition of the other issues in the case, for this finding covers an essential element of appellants' claim for relief. "The party complaining must be deceived by the untrue statement, otherwise there can be no reliance." (12 Cal. Jur., p. 751.) To entitle a person to relief or redress because of a false representation it is well settled that it is not enough to show merely that it was material, that it was

known to be false and that it was made with intent to deceive, but it must also be shown that it actually did mislead and deceive, or, in other words, that it was relied upon by the party complaining. (*DeGarmo* v. *Petitfils Confiserie,* 93 Cal. App. 261, 265 [269 Pac. 692]; *Maxon-Nowlin Co.* v. *Norswing,* 166 Cal. 509, 511 [137 Pac. 240]; *Hallidie* v. *First Federal Trust Co.,* 177 Cal. 600, 603 [171 Pac. 431]; *Rouse* v. *Morgan,* 108 Cal. App. 315, 320 [291 Pac. 441].)

With this principle of law in mind, it becomes highly important to determine whether or not the finding last abovementioned is supported by the evidence. The evidence shows that all of the dealings connected with the subject of the controversy on behalf of appellants were handled· by appellant George S. Lane. The other appellant is his wife, who is a party to the note and mortgage involved in the case. Appellants urge that the uncontradicted evidence shows that appellant George S. Lane read all of the advertisements involved in the case, believed them and relied upon them and that he was induced thereby to purchase the lands in controversy. Said appellant himself testified that he "received the pamphlets put out by the Peerless Orchards Company", and some newspaper advertisements relating to the Peerless Orchards Company land; that he read them and relied on the statements contained therein. But the trial court was not bound to accept his word as conclusive in the matter, in the face of the facts and circumstances indicating a contrary conclusion. The evidence shows that said appellant was an experienced business man, being engaged in the retail lumber and coal business at Webster City, Iowa. He purchased the land in controversy from J. R. Woods at the instance of F. O. Gardiner, who owned a business college in Fresno and who had, according to his own testimony, considerable experience in practical fig culture. Said appellant had known Gardiner about twelve years prior to said purchase, and Gardiner was interested with him in a sawmill project in California, which they were then promoting. Gardiner had previously purchased for himself forty acres in the Peerless Orchards Company tract, and he had purchased some of the land in said tract for his sister and some for his brother, both of whom were neighbors of appellants in Iowa. Appellant George S. Lane, referring to his relations with said Gardiner, after relating

some of the above facts, testified: "so I was naturally interested in what he was interested in too". Said appellant testified that Gardiner and he talked over the Peerless Orchards Company fig proposition; that Gardiner and he drove out and looked over the Peerless Orchards Company lands; and that Gardiner drove him out to the Markarian fig orchard, a large fig orchard about fourteen miles from the Peerless Orchards, where they saw men picking, processing and packing figs; and Gardiner also took him to the Potter fig orchard in Fresno County; and he concluded that he would invest in the fig project if he had an opportunity. Said appellant then returned to his home in Iowa, where he learned from Gardiner that the Woods tract of land in the Peerless Orchards was for sale. Said appellant testified in this regard as follows: "And Mr. Gardiner wired me and I don't remember whether I wrote him a letter or wired him back, but at least he took it in for me (referring to the Woods tract of land), and took care of the payments until January . . ." Said appellant further testified that Gardiner told him that the land involved in the case was blasted for every tree. From these facts and circumstances the trial court might reasonably have concluded that appellants did not rely upon the representations contained in the advertising matter of the Peerless Orchards Company, but made an investigation of their own and relied upon that and the judgment of Gardiner, who possessed information independent of the literature complained of. Although appellant George S. Lane testified that he relied on the statements contained in the Peerless Orchards Company literature relating to the land in controversy, still, the facts and circumstances last above recited create at least a substantial conflict in the evidence; and findings made on such conflicting evidence are conclusive on appeal, and an appellate court must view all inferences which the trial court might reasonably have drawn as evidence tending to support a finding assailed. (*Hallidie* v. *First Federal Trust Co., supra; Bradbury Estate Co.* v. *Carroll,* 98 Cal. App. 145, 151 [276 Pac. 394].) The determination of the evidence by the trial court is conclusive on appeal unless it shall appear, as a matter of law, that it is insufficient to support the findings. (*In re Herman,* 183 Cal. 153, 162 [191 Pac. 934]; *Bradbury Estate Co.* v. *Carroll, supra.*) In the case

at bar the evidence, although conflicting, supports the finding of the trial court and the trial court was warranted in concluding that appellants were not deceived or misled by any statements or representations made by or on behalf of respondents or the Peerless Orchards Company. Even if the trial court had found that the pamphlets and other advertisements of the Peerless Orchards Company contained fraudulent statements and representations and had found that the same were furnished to appellants by respondents or the Peerless Orchards Company, the further finding that appellants did not rely upon such statements or representations, or were not deceived or misled thereby, would still have required the judgment given herein. (*Maxon-Nowlin Co.* v. *Norswing, supra.*)

In view of our determination that the finding of the trial court to the effect that appellants were not deceived or misled by the representations complained of is supported by the evidence, and therefore sustains the judgment, it becomes unnecessary to determine the other points urged by appellants.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.