[Civ. No. 4781. First Appellate District, Division Two.—August 20, 1924.]

HUGH SHERLOCK et al., Appellants, v. ANDREW J. GERLACH et al., Respondents.

[1] VENDOR AND VENDEE—EXCHANGE OF REAL PROPERTIES—FRAUD—MISREPRESENTATION — AGENCY — EVIDENCE.—In this action for damages for breach of an executed written contract for the exchange of real properties or for the rescission of the contract, there was no evidence of fraud or misrepresentation on the part of respondents; and, although there was some evidence that statements made by certain agents to plaintiffs were not true, the fact that there was no evidence that such statements were known to be untrue or that they were relied on by plaintiffs foreclosed any right of recovery on the grounds of fraud and misrepresentation, even though it be assumed that such agents represented defendants.

[2] ID.—DESCRIPTION OF PROPERTY—SALE IN GROSS—EVIDENCE—FINDING.—In such action, although the property transferred to plaintiffs was described by metes and bounds, and by name, followed by a statement of the number of acres, more or less, contained therein, the trial court was justified in finding from the evidence that the sale was one in gross rather than by the acre.

---

(1) 26 C. J., p. 1106, sec. 35, p. 1137, sec. 57.    (2) 23 C. J., p. 232, sec. 79.

1. Necessity for reliance on false representations in order to maintain action for deceit, note, Ann. Cas. 1915B, 779. See, also, 12 Cal. Jur. 750; 12 R. C. L. 352.

2. See 27 R. C. L. 437.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. F. Rose, J. B. Peckham and Alva S. Sherlock for Appellants.

Frank H. Benson and Leland H. Walker for Respondents.

NOURSE, J.—This is an action for damages for breach of an executed written contract for the exchange of real properties or for the rescission of the contract. By the terms of the contract the plaintiffs agreed with the defendant Andrew J. Gerlach to exchange their "Madrone Ranch," consisting of 18.84 acres of orchard land in Santa Clara County for property near Aromas, Monterey County, known as the "M. B. Tuttle Ranch," of record in the name of said defendant. In addition to the conveyance of the "Madrone Ranch" plaintiffs gave a note for $5,000 secured by a mortgage on the Aromas property which they acquired from said defendant in the exchange. The basis of the action is the alleged shortage in acreage in the property conveyed by defendant Andrew J. Gerlach. The grounds upon which the plaintiffs rely, as stated in their briefs, are "material error in description, mistake and misrepresentation, fraud or gross mistake equivalent to fraud, and for breach of covenant of seisin or possession." The prayer of the complaint is for damages in the sum of $7,749.94, or a reconveyance to plaintiffs of the "Madrone Ranch" and cancellation of said note and mortgage, or an abatement of said note and mortgage as part of the exchange price of the lands. The trial court found adversely to plaintiffs on all material allegations of their complaint and rendered judgment for the defendants. The appeal is from this judgment and is taken under section 953a of the Code of Civil Procedure.

Defendants A. P. Gerlach and Adella C. Gerlach were the father and mother, respectively, of defendant Andrew J. Gerlach. At the time of the exchange defendant Andrew J. Gerlach had the deed to the Madrone Ranch made to his mother and the said note for $5,000 and mortgage on the

M. B. Tuttle ranch made to his father instead of to himself. The title stood thus at the time suit was commenced. Because of this the father and mother were made defendants.

It is not questioned that the actual acreage of the land conveyed by respondent A. J. Gerlach to appellants was less than that named in the deed. This deed described the property by metes and bounds and then added "and containing 210 acres of land, more or less; and being the same land described in deed dated September 6th, 1887, of record in Volume 16 of Deeds at page 167, in the office of the County Recorder of Monterey County, California; saving and excepting therefrom 79/100 of an acre," etc. Then follows: "Also all the right, title and interest of the said party of the first part in and to that certain 38 acres adjoining said 210 acres hereinabove described, which have been occupied by the owners of said 210 acre tract for many years."

It appears without dispute that there were about twenty acres less in the Tuttle Ranch than indicated in the deed from respondent Andrew J. Gerlach and that said respondent had no title to and had not been in possession of any thirty-eight acres or any other number of acres adjoining said Tuttle Ranch. It also appears that the appellants were well aware of the fact that said respondent was not in possession of and that he claimed no title to said thirty-eight acres; that he merely gave respondents a quitclaim deed thereto, at their request, and without any misrepresentation or fraud. The insistence of appellants on this appeal that they were misled in regard to this thirty-eight acre tract is evidence to us of extreme bad faith on their part and must necessarily cast some measure of doubt as to their good faith in other respects. In this particular there is not a word of evidence of error, fraud, misrepresentation, or mistake. The evidence shows without a suggestion of conflict that appellants paid nothing for these thirty-eight acres; that they were not included in the agreement of exchange nor in the computation fixing the value for the exchange of the respective properties. Notwithstanding this appellants alleged and now argue that the basis of exchange included these thirty-eight acres at the rate of $133.06 plus per acre, though they had been informed that the whole tract of thirty-eight

acres was held under a questionable tax title and might be acquired for about $150.

The appellants do not attack the judgment upon any assigned error of law. They do not specifically challenge the sufficiency of the evidence to support the findings of fact made by the trial court. [1] They insist that the trial court was in error when it found that there was no fraud, misrepresentation, mistake, or breach of covenant of seisin or possession, but they do not point out the particulars in which such error is claimed to exist. We can but assume that their attack is based on a claim of insufficiency of the evidence. As in the case of the thirty-eight acre tract, so with the shortage of acreage in the main tract, there is no evidence of fraud or misrepresentation on the part of the respondents. There is some evidence that statements made by agents to the appellants were not true in fact, but, even if we assume that these agents represented the respondents at the time, there is no evidence that the statements were known to be untrue or that they were relied on by the appellants. The latter consideration in itself forecloses any right of recovery on the grounds of fraud and misrepresentation. (*Hallidie* v. *First Federal Trust Co.*, 177 Cal. 600, 603 [171 Pac. 431]; *Maggini* v. *McBain*, 65 Cal. App. 133 [223 Pac. 428].)

[2] There remains the consideration whether the shortage was the result of mistake and whether there resulted a breach of covenant of seisin or possession. If, as argued by appellants, the sale was by the acre, then there is a mistake in the description for which they should be compensated. If, as argued by respondents, the sale was in gross, there was no mistake to form the basis of a recovery. In either event the question of a breach of covenant of seisin or possession depends wholly upon the question of whether there was a mistake in description or whether the sale was one in gross. The pivotal point is, therefore, whether the trial court was justified in finding the sale was one in gross rather than by the acre. The complaint alleged that the price was fixed per acre, at $1,485.67 plus, or a total of $28,000 for the 18.84 acres of the appellants in the Madrone Ranch and "that the defendants were allowed and received for their purported 210 acres and 38 acres the sum of $133.06

plus per acre or the total sum of $33,000.'' This allegation
is so unreasonable and fantastical that very little evidence
would be needed to negative it. But we do not think there
can be any doubt that the trial court correctly found on
the evidence that the sale was one in gross. Appellants
were negotiating for the purchase of the M. B. Tuttle Ranch
before respondent Andrew J. Gerlach acquired it, and it is
quite clear from the evidence that they knew as much, or
more than said respondent did about the property at the
time of the exchange. Appellants first had their attention
drawn to the property in December, 1920, by Cooley &
Beal, real estate brokers, when said respondent's grantor,
one Enfantino, was the owner. These agents referred to the
ranch as containing 210 acres and gave to them the explana-
tion that the expression ''210 acres more or less'' meant a
fraction of an acre more than 210 or a fraction of an acre
less than 210. By appointment with Cooley & Beal they
visited the ranch and met Enfantino's agent, one Stough,
who took them over the ranch. He stated that it contained
210 acres and pointed out the additional thirty-eight acres,
to which, he explained, there was only a tax title. He in-
formed the appellants on that occasion that Enfantino could
only give a quitclaim deed, but that he, Stough, believed that
title could be quieted to it for about $150. At that time
respondents were strangers to and had no relation whatever
with appellants or the agents named. Some time later Cooley
& Beal learned that respondent Andrew J. Gerlach was
negotiating with Enfantino for the Tuttle Ranch and that
Enfantino had placed in escrow a deed of the ranch to him.
Thereupon Cooley & Beal, acting as agents for appellants
under appellants' direction, prepared an agreement of ex-
change, by the terms of which appellants agreed to exchange
the Madrone Ranch for the M. B. Tuttle Ranch. This agree-
ment, which was never executed by the wife, was executed
by appellant Hugh Sherlock January 4, 1921, and submitted
to respondent Andrew J. Gerlach. Said respondent did not
acquire the property until January 11th thereafter, and did
not sign the agreement until January 12th or 13th. No
representations of any kind were made by said respondent,
or any agent for him, regarding the acreage of the property
conveyed by him to appellants. Appellants had already

obtained whatever information they had from their own agents. The description in the agreement contained the final statement that the property described was ''known as the M. B. Tuttle Ranch.'' *There was no reference in this agreement to the thirty-eight acres.* All the negotiations were had on the basis of an exchange of ''ranch for ranch,'' and evidence was offered that no mention of acre value was made at any time but that the value of appellants' ranch was fixed for exchange purposes at $18,000 and the value of the respondent's ranch was fixed at $23,000. There was thus a difference of $10,000 between the testimony as to these values for exchange purposes and the trial court had some evidence back of the finding.

In so far as the thirty-eight acre tract is concerned, no new consideration was paid for it and no reference was made to it in the abstract submitted to the appellants. It was quitclaimed to respondent Andrew J. Gerlach when Enfantino conveyed the Tuttle Ranch to him and, in conveying that ranch to appellants, said respondent included in the deed whatever right, title or interest he had in the thirty-eight acres. Appellants went into possession of the Tuttle Ranch immediately on the consummation of the exchange, but made no mention of any shortage or the absence of the thirty-eight acres until about five months later when they had it surveyed and were advised it contained about 190.726 acres. It must be apparent that this thirty-eight acre tract was not used at the time of the exchange for the purpose of fixing an ''acre value'' of the properties. The allegation in the complaint that this tract was put into the exchange at $133.06 plus per acre when it was known that the respondents had no title to it and that the whole tract was unimproved land is not supported by any reliable evidence. As we have heretofore said, the claim as to this tract is beyond reason and the attitude of the appellants in regard to it must necessarily have discredited them as witnesses before the trial court and led to a rejection of their testimony on other matters.

We are satisfied from a review of the entire record that no prejudicial error is shown.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 16, 1924.

All the Justices concurred.