[Civ. No. 4483. Fourth Dist. Dec. 23, 1952.]

WILLIAM R. PAYNE et al., Appellants, v. LAWRENCE CROSSLEY et al., Respondents.

[Civ. No. 4484. Fourth Dist. Dec. 23, 1952.]

LAWRENCE CROSSLEY et al., Respondents, v. WILLIAM R. PAYNE et al., Appellants.

Alexander W. Staples for Appellants.

Eugene E. Therieau and John L. Roberts for Respondents.

GRIFFIN, J.—Appellants William R. Payne and wife brought an action against respondents Lawrence Crossley and wife to set aside a cancellation agreement upon the ground that it was obtained by fraud. Subsequently, respondents Crossley brought an action against appellants Payne for unlawful detainer, ejectment and damages for alleged breach of the lease agreement. The two actions were consolidated for trial and upon appeal from separate judgments entered in favor of respondents.

The evidence shows that the Crossleys, in 1947, were lessors of Indian land near Palm Springs. They desired to develop a trailer park. Subsequently, they contacted appellants, who were without funds. They entered into a lease agreement in October, 1947, by the terms of which respondents were to furnish the land and money for development, and to supply certain income from the trailer park for this purpose. Appellants were to help develop the land. The net earnings from the rentals were to be divided equally between them.

Appellants entered upon the property and commenced physical improvements, such as putting in streets, poles for electricity, gas lines, and marking out lot lines. A gross income of a considerable amount was earned but was insufficient to prevent financial difficulties for the appellants. In the spring of 1950, appellants' creditors were numerous and the Department of Internal Revenue was threatening proceedings for failure to pay taxes due. On July 21, 1950, appellant Payne was served with notice to quit the premises for violation of the covenants of the lease. Voluntary bank-

ruptcy proceedings for appellants were discussed with Crossley and his attorney. A conference resulted in which the parties, on July 22, 1950, signed some form of agreement denominatetd "Cancellation of Lease" for the admitted default by lessee of the terms of the lease. It provided that the lease should be surrendered and that each party should be released from any liability thereunder. Thereafter, by some agreement, Mrs. Payne remained as acting manager until a new manager could be procured. Prior to September 1st, Mrs. Payne was notified that a new manager would take over on that date. At that time appellants asserted they still had an interest in the premises and refused to vacate or deliver the keys to the new manager. Thereafter, notice was served upon them to vacate. These actions, as above indicated, were then instituted.

The trial court found specifically that the lessees failed to comply with the terms and conditions of the lease in many particulars such as failure to pay rent and to furnish correct accounts and statements of income and expenses; that they possessed and used intoxicating liquor on the premises owned by the Indians; that they failed to correct unsanitary conditions and make certain improvements; that the lease was mutually canceled; and that after September 1st, Mrs. Payne remained on the property only as an employee of respondents and that said employment was terminated; that the cancellation of the lease agreement was, for a consideration, executed by appellants freely and voluntarily and without fraud or misrepresentation on the part of respondents; and that accordingly respondents were entitled to possession of the premises.

Appellants concede that their testimony that they were not aware of the nature of the cancellation agreement they signed and believed they were signing merely to clear the leasehold estate from appellants' bankruptcy proceedings is in conflict with the testimony of respondent Mr. Crossley, but claim his testimony should not have been given any credence because, in other respects, his testimony was proven to be false.

■ Although there is evidence that there was some difference in bookkeeping accounts and in amounts claimed to be advanced by Crossley, and some knowledge on Mr. Crossley's part of the records and accounts maintained by appellants, the evidence does show that the attorney dictated the terms of the agreement to his secretary in the presence of

appellants and respondent Mr. Crossley, after the terms thereof were discussed with them. All were presented with signed copies after they had read them. There is ample evidence to support the finding of the trial court in respect to the allegations of fraud.

The next point is that the court erred in finding that appellants received a consideration for the execution of the cancellation agreement. Also, it is contended that the agreement was void because it was executed by appellants in reliance upon the trust and confidence existing between the appellants and respondents. The argument is that appellants were not, in fact, in default under the lease, and therefore there was no consideration for the execution of the cancellation agreement; that the entire scheme of respondents was to avoid financial embarrassment by reason of their going into bankruptcy with appellants.

Although there is conflicting testimony as to some of the claimed grounds for breach of the lease by appellants, there is sufficient evidence to indicate that most of them are substantially supported and that appellants were, in fact, in default. The concellation agreement contained mutual covenants and promises and canceled many obligations owing by appellants to respondents. In addition, it may be said that since the agreement is in writing, consideration for its execution is presumed. (Civ. Code, § 1614.)

There is no conclusive showing of such a confidential relationship as would compel a finding contrary to that reached by the trial court that the appellants voluntarily agreed to the terms of the cancellation agreement and that there was no fraud practiced by respondents upon appellants.

The findings and judgments are amply supported by the evidence and, although there may be conflicts in it, the trier of fact has resolved them in favor of respondents. Accordingly, under the time-honored rule, such findings will not be disturbed on appeal. (*Lynch* v. *Lynch*, 22 Cal.App. 653 [135 P. 1101] ; *Maggini* v. *McBain*, 65 Cal.App. 133 [223 P. 428].)

Judgments affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 19, 1953.