[Civ. No. 20882.   Second Dist., Div. One.   Oct. 25, 1955.]

BARNETT B. POLES, Respondent, v. SIMON GLASS, Appellant.

Samuel Maidman for Appellant.

William Strong for Respondent.

DRAPEAU, J.—Plaintiff, Barnett B. Poles, entered into a written agreement with defendant, Simon Glass, to perform services as general construction supervisor and construction superintendent of a building that Mr. Glass intended to construct.   Then Mr. Glass built a 10-unit apartment building, but he did not tell Mr. Poles anything about it.   When Mr. Poles learned that the building had been completed with-

out his services, he demanded payment as provided in the agreement. Mr. Glass refused to pay him anything. In this action for breach of the contract, the trial court found in favor of Mr. Poles, and Mr. Glass appeals from the judgment.

Mr. Glass contends that there was no consideration for the agreement; that it is uncertain, indefinite, ambiguous, and lacking in mutuality, and unenforceable for those reasons; that Mr. Poles released Mr. Glass from any and all obligation under the agreement; that the building as constructed did not establish a breach of the contract, in view of the use of the word "only" as it appears in the writing; that the trial court should have allowed something in mitigation of damages; and that in some respects the findings do not support the judgment.

Portions of the agreement essential to an understanding of the controversy are as follows:

"Glass hereby agrees to hire, and Poles hereby agrees to be engaged by Glass, as general construction supervisor and construction superintendent on the next immediate construction project of Glass only or by any association or corporation that Glass has an interest in.

"The duties of Poles shall be that of General Superintendent of the job, procuring bids from sub-contractors, co-ordinating the work of the sub-contractors, and cooperating with the engineers and architects that may be employed.

"For his services aforesaid, Glass shall pay to Poles a sum equal to ten (10%) percent of the total net cost of construction. The total net cost of construction shall be deemed to include material and labor used in construction thereof."

Mr. Glass's contention that the agreement is without consideration is untenable. His answer to the complaint admitted the due execution of, and consideration for the agreement. On the trial he stated that he made no claim of lack of consideration as a defense.

In addition it may be said that the agreement itself is presumptive evidence of consideration. (Civ. Code, § 1614; *Payne* v. *Crossley,* 115 Cal.App.2d 72, 75 [251 P.2d 675].)

In support of his second and fourth contentions defendant argues in his brief:

"The contract in question is further indefinite as respects the word 'only,' and by the terms 'next immediate construction project,' 'general superintendent, general construction supervisor,' and 'construction superintendent.' Plaintiff's interpretation of the meaning of the latter terms was that he

could devote only a portion of his time to the job—that he need not be there all the time. On the other hand, defendant testified that it was his intent that plaintiff devote all of his time to the job. This testimony demonstrates that there never was a meeting of the minds of the parties. Further, there was no finding by the trial court to resolve such conflict."

Defendant makes another point with reference to the word "only." He testified that that word was inserted in the writing to limit its application to a certain 44-unit construction job he then contemplated, and no other, which project never materialized.

■ These arguments are answered by the terms of the agreement and its construction by the trial court. When such construction appears to be consistent with the intent of the parties an appellate court will not substitute another construction. (*Universal Sales Corp.* v. *California Press Mfg. Co.*, 20 Cal.2d 751, 761 [128 P.2d 665].)

As stated in that case the fundamental canon of construction of contracts generally is the ascertainment of the intention of the parties. (Civ. Code, § 1636.) ■ The court may look to the circumstances surrounding the making of the agreement, including the object, nature, and subject-matter of the writing, and place itself in the same situation in which the parties found themselves at the time of contracting.

■ Evidence as to whether or not plaintiff released defendant from the obligations of the contract is in conflict. One man testified to facts from which one inference could have been drawn; the other man testified to the contrary. Under familiar rules of appellate procedure, the determination of the trial court in such circumstances is binding upon this court. It was the province of the judge to decide, and it cannot be said that his decision was error.

There is no evidence that would justify a finding of mitigation of damages. Under the agreement plaintiff was not required to work full time for defendant.

The findings as a whole adequately support the judgment. The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 10, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 21, 1955.